## No. 1267.

### SUCCESSION OF MELANY FOREMAN.

1. When separate funds or property of the husband have been used to benefit and enrich the community, it will constitute a debt of the community in favor of the husband to the amount of such fund or the value of such property. But the evidence must establish, with reasonable certainty, that the funds were thus used or the property thus employed.

2. The community of acquets and gains includes, at its dissolution, presumptively, everything found in the succession of the deceased spouse, and without reference to the amount brought into the marriage by the respective spouses.

APPEAL from the Twenty-fifth District Court, Parish of Lafayette. *DeBaillion*, J.

*J. A. Chargois* for the Administrator.

*M. E. Girard* for Opponents and Appellants.

The opinion of the Court was delivered by

WATKINS, J. Melany Foreman died intestate on the 6th of September, 1880, her husband, Edward Hoffpauir, surviving her, and having no forced heirs to her estate, which consisted principally of an undivided one-half interest in the community property.

On the 15th of December, 1881, Garland Foreman, one of the collateral heirs of the deceased, applied to be appointed administrator of her estate, but same was successfully opposed by her surviving husband, who was duly appointed and qualified on the 16th of March, 1882, having previously caused an inventory to be taken of the property of her estate, which was valued at $1,588.05—including $70 in cash.

On the 1st of June, 1882, the administrator caused the property to be sold, and the sale yielded the sum of $2,067.10; and on the 11th of May, 1883, filed his final account on which he charged himself with the oregoing sums aggregating $2,137.10, and credited himself with expenditures in discharge of *debts of the community* $1,183.50 and $401.57

expenses of administration. He makes an allowance in favor of his deceased wife of $204.25 on account of her separate estate, part of which was brought by her in marriage and the remainder was inherited from the estate of her mother. He also enters a claim in his own favor for $3,303 as the value of a lot of cattle, horses, sheep, hogs and cash he owned at the date of his marriage with the deceased " and which were expended for the benefit of the community."

Casting up these accounts he shows his wife's succession to be indebted to him the sum of $2,521.07.

The homologation of this account is opposed by the collateral relations of the deceased upon the ground that, at the death of Melany Foreman, there was on hand about $6,000 in cash, and of this $900 in gold; an amount due to the community and afterwards collected by Edward Hoffpauir, $1,899 ; and property by him sold, $1,559.50; all of which is unaccounted for. Also a lot of stock sold, and the proceeds thereof by him applied to his own use, $1,400.

Opponents also allege that the estate does not owe and is not chargeable with any of the items carried on the tableau under the head of the passive mass; and they specially object to the item of $3,303 charged in favor of *his separate* account.

In an amended opposition, they charge the administrator with two hundred panels of fencing, and one horse disposed of by him, and the same is unaccounted for in the account opposed.

The judge *a quo* rejected the account presented and restated same as follows, viz:

DR.

To amount cash and sale. ...............................$2,137 10

CR.

By debts paid.................................... $953 60
By expenses administrator ........................ 401 57
By due E. Hoffpauir by community............... 405 00—1,760 17

  Balance due community...........................$ 386 93

And, as thus reformed, the administrator's account was homologated and opponents have alone appealed.

II.

The judge *a quo* disallowed the entire demand of Edward Hoffpauir for value of his separate property, for the reason that same was not shown by the evidence to have fallen into the community; but he allowed "all bills and accounts paid, as shown by receipts."

In the decree appealed from, no disposition is made of the counter

demand of opponents; but they may be considered as inferentially disallowed.

An examination of the record satisfies us that the following items placed on the account and allowed by the judge *a quo* should be and are rejected and disallowed, viz:

| | |
|---|---:|
| Amount paid D. W. D. White | $132 00 |
| Amount paid Isaac Wise | 7 85 |
| Amount paid Dr. M. L. Lyons | 30 00 |
| Amount paid Mrs. Willis | 43 75 |
| Amount contingent expenses | 40 00 |
| Aggregating | $253 60 |

and that all others should be and same are approved and allowed.

### III.

Edward Hoffpauir states as a witness, in respect to his own claims, that he was married to the deceased, Melany Foreman, about fifty years ago, and that at that date he was branding sixty-six calves— wild cattle—and had about twenty head of wild horses and mares and four gentle horses, also about thirty head of sheep and fifty head of hogs, and $200 in cash; and that he subsequently received $500 in cash.

Says he was a cow-boy, and was twenty-two years old when he married, and thereafter lived happily.

Nathan Hoffpauir corroborates his brother's statement. But neither of these witnesses disclosed, if they knew, what disposition was made of any part of this property. It is quite certain that they do not state that same was used by the community of acquets and gains thereafter existing between himself and deceased, and hence it was not legally chargeable with the value thereof; and the claim thereto of Edward Hoffpauir was properly rejected by the judge *a quo*. 26 Ann. 605, Blair vs. Dominguez; 2 Ann. 44; 11 Ann. 297; 10 R. 181, Stewart vs. Packwood; 6 R. 508; 10 R. 18; 30 Ann. 275, Denegre vs. Denegre; 15 Ann. 597.

### IV.

With regard to the demands and counter claims urged by opponents, we find the following items supported by sufficient evidence, and same are therefore allowed, viz:

| | |
|---|---:|
| Amount paid Ed. Hoffpauir by George Morgan since death of Melany Foreman | $ 200 00 |
| Amount paid Ed. Hoffpauir by Elijah Green | 500 00 |
| Amount paid Ed. Hoffpauir by Isaac Foreman | 99 00 |
| Amount paid Ed. Hoffpauir by Garland Foreman | 1,100 00 |
| Aggregating | $1,899 00 |

There is some evidence in the record to the effect that, at the death of Melany Foreman, there was a field or pasture that was enclosed with a picket fence, and that same was removed or disposed of afterwards, presumably with the consent or knowledge of her surviving husband; and also that certain stock, hack, wagon and horses were likewise disposed of, and for which he should be held responsible on his account; but it is entirely too disultory and unsatisfactory to support a judgment. The amount, nor value of same, is not fully proven, and it does not appear clearly that same were disposed subsequent to Melany Foreman's death; yet the testimony on this point is confirmatory of her husband's other indebtedness.

## V.

From a careful scrutiny of the testimony of the numerous witnesses that were interrogated, we conclude that the account as restated by the judge *a qno* should be canceled, and same is hereby amended in the following particulars, viz:

DR.

| | | |
|---|---|---|
| To amount cash and sale | $2,137 | 10 |
| To amount debts collected | 1,899 | 00 |
| | $4,036 | 10 |

CR.

| | | |
|---|---|---|
| By amount of expenses and by debts paid | 1,506 | 57 |

Balance due community between deceased and administrator, $2,529 53

To one-half of this sum the opponents are entitled, inasmuch as the surviving husband has married a second wife and has thereby lost the usufruct of same; but we will not adjudge the administrator to pay interest as the date of his second marriage is not fixed by the evidence.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended, and the administrator's account as restated be approved and homologated and made the judgment of the court, and the appellee pay all costs.

### ON APPLICATION FOR REHEARING.

An application for rehearing has been made by opponents and appellants, an examination of which has convinced us that the *debit* items of the account as recast in original opinion, need some correction; though the opponents are in error in placing "the amount of expenses and debts paid at $1,331.47 in lieu of $1,506.57, as announced in opinion."

The item of "amount due E. Hoffpauir by community, $405, allowed in the account, as restated by the judge *a quo,* is in error, because all

. Police Jury vs. Wise.

the claims allowed him were rejected by us; and we neglected to deduct from the community assets the amount of the paraphernal claim of deceased, which was shown to be $284.25, and this sum we failed to allow to the opponents.

Adjusting these balances and again restating the account, we have the following, viz:

Dr.

| | | |
|---|---|---|
| To amount cash and sale ........... . ...................... | $2,137 | 10 |
| To amount debts collected ............... ................... | 1,899 | 00 |
| | $4,036 | 10 |

Cr.

| | | |
|---|---|---|
| By amount of expenses and debts paid in course of administration ........................................ | 1,101 | 57 |
| By amount to balance ................................ | $2,934 | 53 |
| Less paraphernal claim of the deceased ................... | 284 | 25 |
| Balance due community ................................ | $2,650 | 28 |
| One half due opponents ................................ | 1,325 | 14 |
| Also deceased's separate claim ........................... | 284 | 25 |
| Total due opponents ....................... | $1,609 | 39 |

And it is therefore ordered, adjudged and decreed, that the opinion and decree herein previously rendered be and the same is hereby amended and corrected so as to conform to the views herein expressed, and that as thus amended and corrected, our original opinion remains undisturbed.

Rehearing refused.