Western Dist.
*October*, 1839.

BALLARD ET AL.
*vs.*
LEE'S ADMINIS-
TRATOR.

---

## BALLARD ET AL. *vs.* LEE'S ADMINISTRATOR.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF CONCORDIA.

A *return* of service of petition and citation, which states that they were left with "W. F., a free white person over fourteen years of age, *residing at the defendant's domicil,*" is insufficient. If he be absent, citation *must be left at defendant's usual place of domicil,* with a free person apparently above fourteen years of age, residing there.

If a judgment by default be taken before the defendant is in court by proper service of citation, although he be afterwards personally cited, final judgment cannot be entered without a judgment by default being again taken.

This is an action against the administrator of C. S. Lee's estate, on a bill of exchange, drawn by the deceased.

The sheriff made the following return of service of citation, &c. : "Served, on the 25th September, 1838, by leaving

BALLARD ET AL.
vs.
LEE'S ADMINIS-
TRATOR.

a copy of this citation and of the petition with William French, a free white person over fourteen years of age, *residing* at the defendant's domicil in this parish."

The defendant failed to appear, and a judgment by default was taken. Before proceeding to final judgment, the plaintiff filed an amended petition, praying to be allowed interest at the rate of eight per cent. instead of five per cent., &c. This amended petition, and a citation, was served on the defendant *personally*.

The defendant failed to appear, and put the case at issue, and a judgment by default was taken on the *amended petition only*. No answer having been filed to the original or amended petition, final judgment was entered *ex parte* for the plaintiff on both petitions for the whole amount demanded. From this judgment the defendant appealed.

*Stacy* and *Dunlap*, for the appellant, assigned various errors, as apparent on the record, on which they relied for a reversal of the judgment.

*Barbour*, contra.

*Martin, J.*, delivered the opinion of the court.

The defendant and appellant has placed his case before us, on an assignment of errors, one of which only it becomes necessary to notice : to wit, the want of legal service of the original citation.

The sheriff's return states, "that he 'made service by leaving a copy of the citation and of the petition with William French, a free white person over fourteen years of age, *residing at the defendant's domicil* in this parish."

*A return* of service of petition and citation, which states that they were left with " W. F., a free white person over fourteen years of age, *residing at the defendant's domicil*," is insufficient. If he be

The Code of Practice, article 189, requires " that service must be made by leaving copies of the citation and petition *at the usual place of domicil* or residence of the defendant, if he be absent, by delivering them to a free person apparently above the age of fourteen, *living in* the house."

There is but one place of service, which is the domicil of the defendant. The service must be *made there*, and if it be made elsewhere it is bad. Nothing shows that French

WESTERN DIST. October, 1839.

BALLARD ET AL. vs. LEE'S ADMINIS- TRATOR.

received the papers from the sheriff *at the domicil* of the defendant. *Huntstock vs. His Creditors,* 10 *Louisiana Reports,* 488.

The plaintiff's counsel, however, has contended that this defect in the original citation is cured by the service of a copy of an amended petition, and a citation to answer thereto. The suit was brought on a bill of exchange. The original petition claimed the amount of the bill, and interest at the rate of five per cent. per annum, and ten per cent. damages. No answer having been filed, judgment by default was taken on the 7th of November, 1838. Afterwards, to wit, on the 12th February, 1839, the plaintiff, with leave of the court, filed an amended petition, in which he alleges, that the bill having been drawn in the state of Mississippi, he was entitled to interest at the rate of eight per cent., and prayed judgment accordingly.

*absent, citation must be left at defendant's usual place of domicil, with a free person apparently above fourteen years of age, residing there.*

A copy of this amended petition, and a citation to answer thereto, was duly served on the defendant in person. He filed no answer, and the 6th March following, judgment by default *was taken on the amended petition.*

On the 5th of April, 1839, a final judgment was rendered for the principal, interest, damages and costs, the motives of which are stated to be, the law and evidence being for the plaintiffs; " *and the judgment by default not having been set aside,* and the plaintiffs having proved their demand, it is ordered, &c."

The first judgment by default having been taken while the defendant was not in court, was illegal, and must be considered as a nullity. The second, confined expressly to the amended petition, is the only one which could be legally made final. The court, in our opinion, erred in extending it to what was demanded in the original petition.

*If a judgment by default be taken before the defendant is in court by proper service of citation, although he be afterwards personally cited, final judgment cannot be entered without a judgment by default being again taken.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and reversed; and that ours be for the defendant, as in case of non-suit, the plaintiffs and appellees paying costs in both courts.