MASSEY
*v.*
HACKETT.

---

## REUBEN KNIGHT *v.* MELINDA KNIGHT.

*On motion to dismiss the appeal—*

The Supreme Court derives its jurisdiction from the Constitution, and the repeal of a statute which had conferred jurisdiction on it does not affect its powers.

The affidavit of the appellant, in a suit for divorce, that his interests involved in the suit exceed three hundred dollars, is sufficient to give the Supreme Court jurisdiction.

*On the merits—*

The plaintiff had filed a supplemental petition, after answer and reconventional demand by the defendant. A default was taken on the supplemental petition, which was aftewards confirmed *ex parte* upon the deposition of a witness examined under commission. The case did not stand fixed for trial at the time. *Held :* That such a proceeding was irregular and that no judgment should have been rendered on the supplemental petition, until the whole case had been regularly tried.

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J.

*Cotton & Dorsey* and *A. Lothrop,* for plaintiff. *Larue & Whitaker,* for defendant and appellant.

MERRICK, C. J. This is an action for a separation of bed and board and for a divorce.

A motion has been made in this court to dismiss the appeal, on the ground that the amount involved in controversy does not exceed three hundred dollars, and the further ground that the Act of the Legislature of 1855, No. 307, having repealed all former laws on the subject of divorce, leaves this court without jurisdiction.

As the Constitution confers upon this court its jurisdiction, it is only necessary to notice the first of these grounds. An affidavit has been filed showing that the interests of the appellant involved in this suit exceed three hundred dollars. Under the authority of the following cases we think this sufficient to sustain the appeal : *Prieur et al.* v. *Commercial Bank,* 7 L. R. 510; *Perkins* v. *Nettles, administrator,* 17 L. R. 253; *State* v. *Hackett,* 5 An. 92.

The motion to dismiss is, therefore, overruled.

BUCHANAN, J. This suit commenced by a petition for separation of bed and board, and for a divorce, in case the defendant, who was alleged to have abandoned the matrimonial domicil, should not return after three summonses, according to the provisions of the Civil Code.

An answer and petition in reconvention was next filed by defendant, denying the allegations of the plaintiff's petition, (except the marriage,) averring that plaintiff had cruelly and brutally treated defendant, that he had laid violent hands on her person, slandered her character, and deliberately attempted to poison her; and praying for separation of bed and board and for divorce, and that the care and custody of a child born of the marriage should be given to defendant.

Afterwards the plaintiff, with leave of court, filed an amended and supplemental petition, charging the defendant with adultery, and praying for a divorce.

No answer having been filed to this supplemental petition, a judgment by default was taken therefrom, which, on motion of plaintiff's counsel, was confirmed *ex parte*, upon the deposition of a witness examined under commission, and judgment of divorce pronounced against defendant. It was admitted that the case did not stand fixed for trial at the time the judgment was entered up.

This proceeding was irregular. An issue was joined upon the original demand, and defendant had pleaded in reconvention; which cross action is also considered to be at issue, as no replication is required in our practice. The amended petition of plaintiff, alleging an additional ground of divorce to those already alleged on both sides, was properly allowed by the court, and the plaintiff was bound to take a default upon the amended petition, for want of an answer, in order to complete the *constatio litis*. See *Freeland* v. *Landfear*, 2 N. S. But it is very evident the final judgment was rendered upon the amended petition alone, leaving out of view the previous pleadings. The plaintiff had no right to divide the cause in this manner. *Lanusse* v. *Massicot*, 3 M. R. The case should have been regularly set for trial upon the issue made by the pleas of defendant filed, and the feigned issue presented by the judgment by default.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, and the cause remanded for a new trial according to law, the plaintiff and appellee to pay the costs of appeal.

LEA, J. I think that the pleadings in this case, when considered together, presented an issue upon the question of divorce which could not be disposed of by a confirmation of the judgment by default. I, therefore, concur in the conclusion to remand the case.