## M. W. FRANCIS v. STEAMER BLACK HAWK AND OWNERS.

A judgment of default, taken while exceptions are filed and undetermined, is a nullity.

APPEAL from the Fifth District Court of New Orleans, *Leaumont*, J. *Charles E. Reynes* and *J. Ad. Rozier*, for appellants. *B. Eagan*, for appellees.

ILSLEY, J. This is an appeal taken by J. H. McKee, from a judgment rendered against him, as a solidary obligor.

Judgment by default was entered against McKee, on the 30th November, 1865, at which time an exception, filed by McKee and his co-defendant, was pending and undecided.

On the 1st of December following, the exception was tried and maintained, with leave to the plaintiff to amend his petition.

On the 6th December, the judgment by default, entered on the 30th November, was confirmed, and this final judgment is complained of by the defendant as irregular and illegal.

He cites, as authority for the position assumed by him, *Rawle* v. *Skipwith*, 8 N. S. 119, in which this Court said there was error in the Court of the first instance, giving judgment by default whilst the exceptions were undisposed of; and also *Ballard et al.* v. *Lee's Administrator*, 14 La., wherein it was held by the Court, that " the *first* judgment by default having been taken while the defendant was not in Court, was illegal, and must be considered as a nullity. The second (default), confined expressly to the amended petition, is the only one which could be legally made final.

It was only in this case now before us, after legal service of the original and supplemental petition, which was specially prayed for by the plaintiff himself, and which service was made on McKee on the 15*th*

*November*, 1865, that a judgment by default could have been legally entered against him, and no judgment was ever taken after the last date mentioned. It is clear, then, upon reason and authority, that the default being a nullity, no final judgment could be rendered upon it.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that the case be remanded to the said Court, to be proceeded with according to law.

It is further ordered, that the costs of appeal be paid by the plaintiff and appellee.