## No. 3583.

### Mrs. C. Desormeaux, widow of S. B. Smith, v. John Moylan.

Where the proceedings in a tax suit are against a person who is not the owner of the property taxed, the sale in which they eventuated, can not affect the title of the real owner. Besides, it is seldom that more glaring irregularities and defective proceedings in other respects are ever exhibited.

APPEAL from the Sixth District Court, parish of Orleans, *Cooley*, J. *T. & E. J. Ellis*, for plaintiff and appellee. *R. King Cutler* and *Alex. F. Steele*, for defendant and appellant.

Howell, J. This is a suit by plaintiff a resident of this State, to be declared the owner of certain lots of ground in the late City of Jefferson, now New Orleans.

She exhibited title in her mother, in 1853 and mortuary proceedings, showing herself to be the only heir to and in the possession of the property.

The defendant set up title under a tax sale at the suit of the City of Jefferson, but the proceedings were against John Dorancourt and are in themselves so irregular as to have no legal effect. Being against a person not the owner of the property, they did not transfer or affect the title of the plaintiff. The defendant, as well as the officers making the alleged sale, must have known the irregularity and defects of the proceedings, as the mortgage certificate obtained and read at the offering, was in the name of Mrs. Clementine Desormeaux, wife of S. B. Smith, and not of John Dorancourt the defendant in the execution. It is seldom that more glaring irregularities and defective proceedings occur.

Judgment affirmed.

Rehearing refused.

## No. 4712.

### State of Louisiana v. Francis Vallette.

When default was entered and confirmed in this case, exceptions filed in due time were pending and not disposed of. This was irregular and entitles the defendant to a reversal of the judgment, and an opportunity to be heard on his exceptions.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins* J. *A. P. Field*, Attorney General, for plaintiff and appellee. *A. & W. Voorhies*, for defendant and appellant.

Howell, J. When default was entered and confirmed in this case, exceptions, filed in due time, were pending and not disposed of. This was irregular and entitles the defendant to a reversal of the judgment and an opportunity to be heard on his exceptions.

It is therefore ordered that the judgment and default herein be set aside, and this cause remanded for trial according to law.