## No. 1,334.

### FRANCIS M. LAMPTON vs. STATE NATIONAL BANK ET AL.

An amended answer which does not change the issues presented in the original answer, should be allowed to be filed.

Continued possession of the property by the vendor, the absence of the payment of any price for the same, the relationship between the vendor and vendee, the record in the suit in which execution issued where the property was seized in the possession of the vendor, are material and important facts to prove a simulated sale.

APPEAL from the Twelfth District Court, Parish of Avoyelles. *Coco*, J.

*Thorp & Peterman* for Plaintiff and Appellee.

*William Hall* and *Joffrion & Bordelon* for Defendant and Appellant.

The opinion of the Court was delivered by

McENERY, J. It will be unnecessary to decide the various issues raised in this case further than to give our reasons for remanding the same.

The defendant bank was a judgment creditor of Mrs. Addie L. Cason. Execution issued on this judgment, and certain immovable property which it is alleged was in the possession of Mrs. Cason was seized under the *fi. fa.* and advertised to be sold. Francis M. Lampton sued out an

injunction restraining the execution of the writ. In his petition he alleges ownership of the property by purchase from Mrs. Cason. He does not allege in his petition that it had been delivered to him, or that he was ever in possession of the immovable property.

The defendant filed an answer denying all and singular the allegations of the petition, and further alleged that the sale to Lampton was simulated; that Lampton is the brother of Mrs. Cason, and the pretended sale was entered into between said parties to the same for the fraudulent purpose of defeating plaintiff in execution in the case of the Bank vs. Mrs. Cason; that said pretended transfer was not accompanied by the delivery of the property, and no price was paid for the same, and that Mrs. Cason, the vendor, had remained in continuous possession of said property since the said simulated sale, and that she is still in possession of the same.

On the morning of the day set for the trial defendant offered to file an amended answer in which it was alleged, after adopting the allegations in the original answer, that the sale to Lampton was an injury to respondent and intended to defeat the collection of his judgment, and that Mrs. Cason, to the knowledge of Lampton, was insolvent. The amended answer was objected to by plaintiff on the ground that it changed the issues raised in the original answer.

The refusal of the district judge to allow the amended answer filed for this reason was an error. The allegations in it are substantially covered in the original answer.

The sale was alleged to be a fraudulent simulation, and any fact bearing upon this allegation is admissible.

On the trial plaintiff offered in evidence the *fi. fa.* and return thereon, instructions of defendant's counsel to the sheriff, the act of sale and proof of damages. No evidence was offered as to the possession of said property by Mrs. Cason or Lampton.

In rebuttal defendant offered evidence under admission that if J. W. Oden, an absent witness was present, he would swear that Mrs. Cason had remained and continued in possession of said property since the sale, and he offered to prove by one of the subscribing witnesses to the sale that no money was paid at the time of the sale. He also offered to prove by Bentley, agent and attorney in fact of Lampton in the act of sale to him from Mrs. Cason, that as such agent and attorney in fact he received no consideration of any kind for said sale. Defendant offered to prove by Geo. E. Phares that Mrs. Cason had remained in continuous possession of the property and had no other. And the defendant also offered to prove by Mrs. Addie Cason, the vendor, that there was

no money paid to her at the time of the sale; that Lampton is her brother, and that she has no other property and has remained in continuous possession of the same property transferred to her brrother since the sale. The record in the suit of the State National Bank vs. Addie L. Cason was offered in evidence by plaintiff and rejected.

Bills of exception were reserved to the ruling of the district judge rejecting all of this testimony, on the ground that the evidence was not admissible under the pleadings and was irrelevant. It would be difficult to assign any reason for its irrelevancy. Under the allegations in the answer, of a fraudulent simulation entered into by the judgment debtor and the vendee of the property for the purpose of defeating the judgment creditor, continued possession of the property by the vendor, the absence of the payment of any price for the same, the judgment in the suit in which the *fi. fa.* issued, are material and important facts to show that the property never passed from the vendor to the vendee. There was error in rejecting this testimony.

It is ordered that the judgment appealed from be reversed and the case remanded, to be proceeded with according to law and in accordance with the views herein expressed, the appellee to pay costs of appeal.