(97 South. 332)

No. 25857.

## SOUTHERN IRON & EQUIPMENT CO. v. CARDWELL STAVE CO.

### In re CARDWELL STAVE CO.

(June 30, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Pleading** ⨺280—**Supplemental answer held consistent with original answer and improperly rejected.**

   In action on notes for price of locomotive, in which defendant filed answer alleging breach of guarantee as to weight of the locomotive and latent defects therein, supplemental or amended answer, so far as it merely amplified allegations of the original answer, *held* consistent therewith and improperly rejected.

2. **Certiorari** ⨺64(1)—**Prohibition** ⨺28— **Whether reconventional demand meritorious or abandoned not determined on application to prevent, rejection of supplemental answer.**

   The question whether there is any merit in reconventional demand pleaded in supplemental answer and whether it was abandoned by filing of original answer without pleading it, are matters to be disposed of by district judge in his final judgment, and not by Supreme Court on application for writs of certiorari and prohibition to prevent, rejection of the amended or supplemental answer.

3. **Pleading** ⨺229—**Amendment to avoid injustice favored, when situation the same as if made in original pleading.**

   The law favors the amendment of pleadings to avoid injustice, when amendment does not make the situation better for the party amending or worse for the other party than if the new allegations had been made in the original pleading.

4. **Pleading** ⨺280—**Objection that supplemental answer too late without force, after decision withheld until reassignment was necessary.**

   Objection that supplemental answer, filed the third day previous to day set for trial, was too late, lost its force, when the judge took the matter under advisement and withheld his ruling for three weeks, thereby necessitating reassignment for trial.

5. **Pleading** ⨺276—**Court might have allowed plaintiff time to answer supplemental pleading or to prepare further for trial.**

   When supplemental answer was filed the third day before case was set for trial, the judge might well have allowed plaintiff time for answering it or for further preparation for trial if deemed necessary, in view of Code Prac. art. 421.

Action by the Southern Iron & Equipment Company against the Cardwell Stave Company. Judgment rejecting supplemental or amended answer, and defendant applies for writs of certiorari, prohibition, and mandamus. Judgment reversed, and answer ordered to remain as part of pleadings.

B. F. Young and Dale, Young & Dale, all of St. Joseph, George Wesley Smith, of Rayville, and Walter L. Gleason, of New Orleans, for applicant.

Hugh Tullis, of Vidalia, and Thos. M. Wade, Jr., for respondent.

O'NIELL, C. J. This is a proceeding to prevent the dismissal of an amended or supplemental answer and reconventional demand of the defendant in the suit.

Plaintiff is a corporation organized under the laws of Georgia and domiciled there. Defendant is a corporation alleged to be organized under the laws of Indiana and to have its domicile in that state, but having its principal business establishment in Tensas parish, La., within the jurisdiction of the district court of that parish, where the suit was brought.

It is a suit to collect $5,346, on nine promissory notes, for $594 each, representing the balance due on the price of a locomotive sold by plaintiff to defendant.

Answering the suit, defendant denied liability for the balance of the purchase price of the locomotive, averring that it had been sold on a guarantee that it would not weigh, with its tender and fuel and water supply, more than 45 tons, and averring that the locomotive alone weighed more than 55 tons, and that it had latent defects in its boiler, flues and fire box, which defects were not discoverable on inspection. Defendant averred that it was explained to plaintiff, before

the locomotive was bought, that defendant could not use on its tracks a locomotive weighing more than 45 tons, with tender and fuel and water supply. And defendant averred that, because of its excessive weight, and because of its defects, the locomotive was of no use to defendant. The prayer of the answer was merely that defendant should "be hence dismissed" from the suit. On the issue thus presented, the case was fixed for trial and was thereafter reassigned to a date nearly two months later. On the third day previous to the day of trial, defendant filed a supplemental answer and reconventional demand; which the judge ordered filed subject to any objections that the plaintiff might see fit to make on the day of trial.

In the supplemental answer, defendant alleged that it had been explained to plaintiff, in the negotiations for the purchase of the locomotive, that the tracks on which the engine was to be used were only temporary tracks, in the swamp, which could not sustain an engine weighing more than 45 tons. Defendant alleged again that plaintiff guaranteed that the locomotive would not weigh more than 45 tons, and alleged that one of the specifications in the contract of sale was "weight in working order about 42 tons." The supplemental answer went more into detail with regard to the alleged latent defects in the boiler, flues and fire box of the locomotive; and it was alleged that defendant had spent $2,408.97 trying to repair the engine and to make it fit for use. Defendant alleged that it had paid $2,372 when the locomotive was bought, had since paid two notes of $594 each, the freight bill of $350, and $75 for the services of the man who accompanied the engine to the place of delivery. Defendant alleged that the actual value of the engine was only $2,500, which was $7,000 less than the purchase price. The prayer of the supplemental answer was that plaintiff's demand should be rejected; that the contract of sale and the promissory notes should be annulled and returned to defendant; that defendant should have judgment in reconvention for $6,373.97 (should be $6,393.79) for the various items expended, as enumerated; and, in the alternative, that the value of the locomotive should be fixed at $2,500 and be credited upon the alleged indebtedness to defendant, and that defendant should therefore have judgment for the difference, $3,873.97 (should be $3,893.97) with 5 per cent. interest, and all costs.

On the day of trial, plaintiff objected to the allowance or consideration of defendant's supplemental answer, on the grounds, stated broadly, that it came too late, changed the substance of the demand or relief prayed for in the original answer, and contained allegations not consistent with the original answer.

[1, 2] We do not find in the supplemental answer any allegation that contradicts an allegation in the original answer. The supplemental answer is profuse in its explanation and amplification of the complaints made in the original answer, but the answers are consistent. Whether the filing of the original answer without a reconventional demand was an abandonment of any claim that the defendant might have asserted in that way is a question which we do not now decide, because it does not appear to have been decided, or even presented, in the district court. Nor do we express an opinion as to whether there appears to be any merit in the reconventional demand. In so far as the supplemental answer only amplifies the allegations, pleadings and defenses made in the original answer, the supplemental or amended answer should be allowed and considered. The question whether there is any merit in the reconventional demand, and whether it was abandoned by the filing of the original answer without a reconvention-

al demand, are matters to be disposed of by the district judge in his final judgment.

[3] The law favors the amendment of pleadings to avoid injustice, when the amendment does not make the situation better for the party amending, or worse for the other party, than it would have been if the new allegations had been made in the original pleading.

[4, 5] The objection that the supplemental answer in this case came too late lost its effect when the judge took the matter under advisement, as he did, and withheld his ruling for three weeks. As the case had then to be reassigned for trial, no further delay could have resulted from allowing the supplemental answer to remain as a part of defendant's pleadings. The time which the judge took for considering plaintiff's objections to the supplemental answer might as well have been allowed plaintiff for answering the amendment, or for further preparation for the trial of the case, if that was deemed necessary. In article 421 of the Code of Practice, it seems to be contemplated that an amendment of an answer to a suit may be such as to demand that the plaintiff shall have further time to meet the issue, viz.:

"When one of the parties has amended either his petition or his answer, the other party has the right of answering the amendment; but it must be done immediately, unless the amendment be of such nature as to induce the court to grant further time for answering the same."

The case is within the doctrine announced in Lampton v. State National Bank, 41 La. Ann. 719, 6 South. 547; and in Young v. Gay, 41 La. Ann. 758, 6 South. 608, viz.:

"An amended answer which does not contradict or vary the allegations in the original answer, but only elaborates them, should be allowed to be filed, although offered on the day set for trial but before the case is called."

It is not possible for any unfairness to result from our allowing the amended answer in this case to remain as a part of the defendants' pleadings. The defendant will not be any better off—or the plaintiff any worse off—than either of them would have been if the allegations in the supplemental or amended answer had been made in the original answer. For that reason we have concluded that the supplemental or amended answer ought to remain as a part of the defendant's pleadings in the case.

It is ordered that the judgment of the district court, rejecting the defendant's supplemental or amended answer and declaring that it shall not be allowed to remain in the record as a part of the pleadings, be, and the same is hereby, reversed; and it is now ordered that the said supplemental or amended answer shall remain as a part of defendant's pleadings in the case.