## ELECTRICAL SUPPLY CO. v. HARRY L. MOSES, Appellant

(January 18, 1926, Opinion and Decree.)

(*Syllabus by the Court.*)

1. **Louisiana Digest—Judgment—Par. 34, 38.**

While the general rule of procedure is that a judgment by default cannot be taken while exceptions are pending and undisposed of, nevertheless, where a supplemental petition is voluntarily filed and duly served upon the defendant, in response to an exception of vagueness; and where no subsequent exception is filed within legal delays to the supplemental petition, defendant will be presumed to have waived his original exception, and judgment based upon a default taken and confirmed in due course is valid.

2. **Louisiana Digest—Judgment—Par. 42.**

A judgment by default is a sufficient corroborative circumstance, with the testimony of one witness, to establish a claim amounting to more than $500.00.

3. **Louisiana Digest—Judgment—Par. 42.**

There is no law requiring that in confirming a default the citation and return of the sheriff thereon should be formally offered in evidence.

Appeal from the Civil District Court, Division "C", Hon. E. K. Skinner, Judge.

This is a suit upon an open account for merchandise sold and delivered. Defendant filed an exception of vagueness. The plaintiff in response filed a supplemental petition giving facts and details. No answer was filed. A judgment in default was taken by plaintiff after due delays. Defendant appealed.

Judgment affirmed.

CLAIBORNE, J.    Dissents.

Milling, Godchaux, Saal and Milling, of New Orleans, attorneys for plaintiff, appellee.

B. I. Cahn, of New Orleans, attorney for defendant, appellant.

BELL, J.    On September 25, 1922, plaintiff sued defendant upon open accounts in the sum of $507.57. The original petition sets forth that the merchandise was sold and delivered to the defendant "during the period from September 12, 1921, to December 20, 1921, in the amount of $836.47".

In careful detail, the exact quantity, description and value of each item sold was enumerated, but the date of each sale was not stated. The remaining allegations of the petition were to the effect that a cash payment of $300.00 had been made in the latter part of April, 1921, and that the total bill should be further reduced by two credit memoranda in the sum of $28.90. With these deductions, amounting to $328.90, the petition concludes with the averment of amicable demand without avail, and with a prayer for judgment in the net amount above stated.

On October 17, 1922, exceptions of vagueness were filed to the original petition in the following language, to-wit:

"Now into Court, etc., comes defendant herein and excepts to the petition herein filed, and for cause of exception, says:

"That it is too vague and indefinite in that it fails to show the exact date of each alleged purchase and delivery.

"That it is too vague and indefinite in that it fails to state whether the alleged purchases were made by written or oral contract, and if by written contract or orders, defendant calls for the production of the same.

"Wherefore, the defendant prays that these exceptions be maintained; that plaintiff be ordered to amend his petition, as above set forth, within five days, and that in default of his so doing, there be judgment dismissing this suit; and for all needed orders and for general relief."

In response to the foregoing exceptions, plaintiff voluntarily filed, with leave of the

court, a supplemental petition, reading as follows:

"Article I. Paragraph 2, page 1 of original petition, should be amended to read as follows: That Harry L. Moses is justly and truly indebted unto your petitioner in the full and true sum of Five Hundred and Seven and 57-100 ($507.57) Dollars for merchandise sold and delivered to the said Harry L. Moses as follows:

"Article II. That there was sold and delivered to the said Harry L. Moses, in the ordinary course of business, the following goods and merchandise, on the dates and for the price herein appearing, to-wit:

(Here follows an itemized detail, dates, descriptions and prices of goods sold.)

"Article III. That on September 19, 1921, in response to a written order reading as follows:

"Electrical Supply Co.
"Please deliver 13 shades No. 27
"(Signed) Harry L. Moses.
"General Hotel Job."

* * * your petitioner sold and delivered to the said Harry L. Moses the following article:

9-19-21 13 2¼ Camco Bear Par Shades
.25 ea. .  .---------- -------------------- $3.25

"That on October 19, 1921, in response to a written order reading as follows:

"Oct. 17, 21.
"Electrical Supply Co.
"Please deliver at once 1 2/2 Condulet charge.
"(Signed) Harry L. Moses.
Job—Barker Bakery No. 3.'

* * * your petitioner sold and delivered to the said Harry L. Moses the following article:

" '10-19-21 1 9025 1 Unilet Blank Cover
.56 ea. 5 ---------------------------------.53

"That on November 12, 1921, in response to a written order reading as follows:

" 'N. O. La., 11-12-21.
" 'Electrical Supply Co.
" 'Please delivery to bearer 1 doz. fuses 30 amphere 250 volt.
"'(Signed) Harry L. Moses.
" 'Per Jos. J. D.'

your petitioner sold and delivered to the said Harry L. Moses the following article:
11-12-21 12  30 Amp. 250 v. Enc. Fuses
.20 ea. 70---------------------------------- .72

"That on September 28, 1921, in response to an order of the said Harry L. Moses, your petitioner delivered to the said Harry L. Moses goods as follows:

" '11-28-21 1 10" S. & T. Westinghouse
Fan, 22.50 20-10 ----------------------16.20

* * * which goods were, through error, first charged to Sullivan-Kronheim Co., but which were later charged to the said Harry L. Moses as per charge dated November 30, 1921.

"Article IV. That the total purchase price of the goods sold and delivered to the said Harry L. Moses amounted to $836.47, which amount has been reduced by credit memorandum and cash payment as follows:
10-7-21 5 per cent commission on four

sold to Myron, Inc., City----------------- 25.00
10-14-21 5 3¼x8 C. R. I. Balls---------- 3.50
Cash payment on or about April, 1922--300.00

Total amount of credits and payment ---------------- ----------------------$328.90

"Article V. That after deducting the credits and cash payment, the amount now owing and still unpaid is Five Hundred Seven and 57-100 ($507.57) Dollars."

After personal service and citation in respect to the foregoing supplemental petition, defendant failed to answer the same within the delays prescribed by law, and default was entered thereon and duly confirmed. From the judgment by confirmation, defendant has appealed, and now presents, by brief and argument, the following contentions:

"First. That a default cannot be confirmed where exceptions are pending and have not been disposed of.

"Second. That a judgment cannot be rendered on a claim in excess of $500.00 on the testimony of one witness, general in its nature, with no corroborating evidence.

"Third. That a judgment cannot be rendered in confirmation of default taken by a supplemental petition where plaintiff fails to offer in evidence the citation and sheriff's return thereon in respect to the original petition."

· Considering the first of the foregoing contentions, there can be no question as to

the general and well-established rule of procedure, that exceptions which have been duly pleaded should be fully disposed of before default is taken and judgment in confirmation is rendered. Sate of Louisiana vs. Vallette, 26 La. Ann. 730; Hart. vs. Nixon, 25 La. Ann. 136; Rawle vs. Skipwith, 8 Martin (N. S.) 118; Francis vs. "Black Hawk" et al., 18 La. Ann. 629.

The wisdom and justice of the rule as established by the jurisprudence found in the foregoing citations has no application, however, to the instant case, where by the supplemental petition, voluntarily filed, plaintiff has secured to the defendant every advantage which could possibly be accorded him by judicial observance of the said rule. In the cited cases, default was taken upon the original petition in disregard of certain exceptions undisposed of and which were other than those of vagueness, and without relation to supplemental pleadings, none except in the last cited case having been filed.

In Francis vs. "Black Hawk", the court noted that as to the judgment in confirmation of default, the only valid judgment which could be taken was concerning the supplemental petition recognizing the ruling stated in Ballard et al., vs. Lee's Administrator, 14 La. 213. In the Ballard case, it was held: "The second default confined expressly to the amended petition, is the only one which could be legally made final."

The above quoted supplemental petition in the present case has been incorporated in this opinion as the basis of our conclusions of fact, that every complaint as to vagueness has been fully met and every demand or request as to information desired has been fully complied with by plaintiff. No formal order or ruling possible of rendition by the trial court in maintenance of the exception, could have resulted in greater relief or fuller satisfaction to

the defendant herein than as that resulting from the voluntary filing of the supplemental petition.

"The law favors the amendment of pleadings to avoid injustice when the amendment does not make the situation better for the party amending, or worse for the other party, than it would have been if the new allegations had been made in the original petition." Southern Iron & Equipment Co. vs. Cardwell Stave Co., 154 La. 109, 97 South. 332.

If the supplemental pleading in any manner failed to meet the evident purposes of the exception, defendant should have promptly excepted to the supplemental petition within legal delays. Article 421 of the Revised Code of Practice, provides:

"When one of the parties has amended either his petition or his answer, the other party has the right of answering the amendment, but it must be done immediately, unless the amendment be of such nature as to induce the court to grant further time for answering same."

The rule of law applicable to this case is, in our opinion, clearly stated in Aston vs. Morgan, 1 Martin, 206 (approved in Freeland vs. Lanfear, 2 Martin (N. S.) 257), where it was said:

"When the plaintiff withdraws his petition for amendment, the pleadings, on the return of it, must be anew, and if the defendant attempts to delay the plaintiff improperly, he is to be quickened by the same means as in the beginning of the suit."

Defendant having failed to make or file timely exceptions or to otherwise plead to the supplemental petition, with which he was duly and personally served, it must be presumed that he waived his exception of vagueness to the original petition. To hold otherwise would result in judicial assistance to a pleader having, as his purpose (contrary to his counsel's honest and sincere certification) but one objective, that of retarding the machinery of justice. We

are unable to gather from the record or from argument of counsel for appellant, any reasons for complaint in the court's apparent disregard of the exception, except that the relief sought by his pleadings has been fully accorded him without formal and judicial mandate. Courts will not do nor will they assist in doing that which can only redound to the detriment of one litigant while satisfying the idle whims of his opponent.

As to the second contention that the judgment was taken on insufficient proof involving a claim of over $500.00, the answer is found in the ruling made in Webster & Co. vs. Burke, 24 La. Ann. 137, as follows:

"It has been long settled that a judgment by default is a sufficient corroborative circumstance, with the testimony of one witness, to establish a claim amounting to more than $500.00."

See also Leeds vs. DeBuys, 4 Rob. 257;
Lopez vs. Bergel, 7 La. 178.

We dispose of the third and final contention above noted by reference to the former ruling of this court in the case of Dupuy vs. Knickerbocker Leather & Novelty Co., 11 Orl. App., 272. It was there held by this court:

"There is no law requiring that in confirming a default the citation and the return of the sheriff thereon should be formally offered in evidence."

For the foregoing reasons we find the judgment appealed from to be correct, and the procedure under which it was obtained is in every respect valid and proper.

It is therefore ordered that the judgment appealed from be affirmed, at defendant's cost in both courts.

Judgment affirmed.

---

Dissenting opinion of CLAIBORNE, J.

"I do not think a default could be confirmed and judgment obtained upon a supplemental petition while exceptions to the original petition were pending and undecided. Phillips vs. Paxton, 3 Mar. (N. S.) 39; Ballard vs. Lee's Administrator, 14 La. 211; Knight vs. Knight, 12 La. Ann. 59; Heirs of King vs. Wartelle, 14 La. Ann. 742; State of Louisiana vs. Vallette, 26 La. Ann. 730; Kentgen vs. Jordan, 15 La. Ann. 219."