(113 So. 787)

No. 28153.

VICKNAIR v. TERRACINA.

May 23, 1927.   Rehearing Denied July 11, 1927.

*(Syllabus by Editorial Staff.)*

1. **Divorce** &#8656;27(8) — **Husband's accusation charging wife with conspiracy with paramour to assassinate him held to constitute "cruel treatment" within statute (Civ. Code, art. 138).**

Accusation of husband against wife, charging her in her sister's' presence with conspiracy with alleged paramour to assassinate him and with attempted assassination to obtain his estate, *held* to constitute outrages and "cruel treatment," within Civ. Code, art. 138, so as to render living together insupportable.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cruelty.]

2. **Divorce** &#8656;135—**Wife's testimony held to show that husband's charges of conspiracy to assassinate him were not condoned by resumption of marital relations.**

Where husband on July 30 accused wife of conspiracy with alleged paramour to assassi-

nate him and she left the matrimonial domicile on August 2, her testimony *held* to show that husband's charges were not condoned by resumption, in the interim, of marital relations between them.

3. **Divorce** &#8656;27(8)—**Abusive and insulting language charging wife with crime and infidelity not amounting to public defamation constitutes outrages or "cruel treatment" within statute (Civ. Code, art. 138).**

Abusive and insulting language charging wife with crime and infidelity although not amounting in a particular case to public defamation, constitutes outrages or cruel treatment, within Civ. Code, art. 138, of such nature as to render living together of husband and wife insupportable.

4. **Divorce** &#8656;116—**Husband's prior acts in attacking wife's fidelity were admissible as corroborative of his accusation of her conspiracy to assassinate him.**

Where a husband accused his wife in her sister's presence of conspiracy with an alleged paramour to assassinate him and with attempted assassination, prior acts of husband's cruelty and outrage in attacking wife's fidelity were admissible as corroborative evidence, where new accusation was made after condonation of prior acts.

5. **Pleading** &#8656;364(2)—**Striking allegations from husband's answer setting up irrelevant matter of conspiracy to assassinate him held proper.**

Where a wife sued for separation from bed and board because of husband's cruel treatment and outrages in charging her with conspiracy to assassinate him, and where husband did not reconvene for a separation, striking from his answer allegations of conspiracy to assassinate him concocted by wife's father and brother and another, which did not connect wife by averment with such conspiracy, *held* proper.

6. **Divorce** &#8656;49(1)—**Reconciliation cannot be effected without cohabitation and resumption of marital status.**

Reconciliation cannot be effected without cohabitation and the resumption of marital status between separate spouses.

7. **Divorce** &#8656;104—**Rejecting husband's amended and supplemental answer changing issues in case held proper, where husband did not reconvene for separation (Code Prac. arts. 419–421).**

Where a wife sued for separation from bed and board because of husband's cruel treat-

ment and outrages in accusing her of conspiracy to assassinate him, supplemental answer of husband in which he charged that shots were fired into his store in pursuance of conspiracy to assassinate him to secure his estate, and that wife's father and brother and another were parties thereto, *held* properly rejected, in view of Code Prac. arts. 419–421, where he did not reconvene for separation, and answer clearly changed issues.

Appeal from Seventeenth Judicial District Court, Parish of Lafourche; Robert B. Butler, Judge.

Suit by Marie Rosa Vicknair against Tony Terracina. From a judgment for plaintiff, defendant appeals. Affirmed.

J. V. Chenet, of Mt. Airy, and Camille A. Morvant, of Thibodaux (Richard A. Dowling, of New Orleans, of counsel), for appellant.

Howell, Wortham & Howell, of Thibodaux, for appellee.

LAND, J. Plaintiff has instituted the present suit for a separation from bed and board on the grounds of cruel treatment and outrages upon the part of her husband of such a nature as to render their living together insupportable.

The trial judge rendered judgment in favor of plaintiff, decreeing to her a separation a mesna et thoro, and awarding to her the custody of the three minor children, and attorney's fees against the community in the sum of $350, with the proviso that defendant should receive visits from the children at fixed intervals and under certain conditions. From this judgment the defendant has appealed.

Plaintiff married defendant in the parish of Lafourche February 5, 1914. The matrimonial domicile was established immediately in that parish, and the spouses lived together until August 2, 1925, when the wife left the matrimonial domicile with her children and returned to her father's home.

During the first five years, the married life of plaintiff and defendant appears to have been harmonious. But since that time their living together is alleged in the petition to have been a prolonged history of suspicious and jealous demeanor on the part of defendant towards his wife, manifesting itself in acts of cruel treatment such as neglect, abuse, and repeated criminations against her chastity.

[1] The discordant relations existing between the spouses culminated on July 30, 1925, in an accusation made by defendant against his wife, charging her, in the presence of her sister, Adelaide, with conspiracy with an alleged paramour to assassinate defendant, and with attempted assassination on the night of July 29, 1925, for the sordid purpose of obtaining defendant's estate.

The fact that such accusation was made by defendant is shown by the testimony of plaintiff, corroborated by that of her sister. Although contradicted by defendant, this testimony was accepted as true and convincing by the trial judge, who saw the witnesses and heard them testify. After reviewing and considering the evidence in the case, we find no good reason for dissenting from the conclusion reached by the trial judge as to the credibility of plaintiff and her witness. In our opinion, plaintiff has made out her case with reasonable certainty as to the fact of this accusation, which forms the main basis of her suit for separation. We find no evidence in the record supporting any charge of infidelity upon the part of the wife of defendant, or the existence, in fact, of any paramour in the case. While it is true that some one fired into the combined store and dwelling of the defendant about 8 o'clock on the night of July 29, 1925, yet there is no evidence before us to connect the plaintiff, nor an alleged paramour, with this unfortunate occurrence.

The charge that defendant had also threatened, in the presence of the witnesses, to slap plaintiff's face was found by the trial judge

to be proven by the testimony of plaintiff and of the witness Landry, although denied by defendant. The last charge is not set out in the petition in this case, but testimony was admitted as to it on the trial without objection.

[2] The date of both of these charges is subsequent to the night of July 29, 1925. These charges are shown to have been made between that date and August 2, 1925, when plaintiff, with her children, left the matrimonial domicile for her father's home. The testimony of plaintiff and of her sister, who was on the premises during all of this time, shows that these charges were not condoned by the resumption, in the interim, of the marital relations by plaintiff and defendant.

"A husband may be guilty of outrages towards his wife of character such as to render their living together insupportable, without raising his hand against her. His conduct may be the very refinement of cruelty, without either force or blows. Ashton v. Grucker, 48 La. Ann. 1199, 20 So. 738." Olberding v. Gohres, 107 La. 715, 31 So. 1028.

[3] The defendant in this case has charged the plaintiff, his wife, not only with an atrocious crime, but with being the kept mistress of another. It is well settled that abusive and insulting language of such character, although not amounting in a particular case to public defamation, constitutes the outrages or cruel treatment spoken of in article 138 of the Civil Code as being of such nature as to render the living together of husband and wife insupportable.

[4] Prior acts of cruelty and outrage of the husband, in repeatedly attacking the fidelity of his wife, are also alleged in this case, and were admissible as corroborative evidence on the trial, since a new accusation was made on July 30, 1925, after the condonation of such prior acts. Cass v. Cass, 34 La. Ann. 611; Williams v. Varnardo, 117 La. 905, 42 So. 419; Mischler v. Duchman, 159 La. 478, 105 So. 559.

The objection made by counsel for defendant to this evidence is without merit.

[5] The present suit was filed August 4, 1925. On November 18, 1925, defendant filed his original answer, in which he admits the allegation in plaintiff's petition that his store and dwelling were shot into by some one on the night of July 29, 1925, but denies that thereafter he made the accusation charged against him in the petition, that said act was the result of a conspiracy between plaintiff and her alleged paramour.

In article 23 of his original answer, defendant alleges a conspiracy to assassinate him on the night of July 29, 1925, concocted by the father and brother of plaintiff, and a negro, but did not connect his wife by averment with this conspiracy, but merely declared in the answer that the present suit was not her free and voluntary act, but had been instituted against defendant at the instance and request of her father and brother.

In article 24 of his original answer, defendant extols his good qualities and deprecates the shortcomings of his helpmeet, and in article 25 he reiterates their alleged marital reconciliation and the allegations set forth in his exception pleading reconciliation.

It is alleged in article 23 of the same answer that the arrest of the father and brother of his wife on September 19, 1925, upon affidavit made by defendant, charging them with an attempt to assassinate him, "naturally prevented his wife from returning to him to his home, though in cold reason they should have no connection with his marital relations with plaintiff and the pledge they took at the altar of mutual fidelity, support, and assistance and her obligation to follow him wherever he chose to reside."

Defendant has neither alleged nor proven the conviction of the conspirators.

[6] All of these allegations were properly stricken from the answer on motion of the plaintiff, for the reasons that the matters set

up in them were wholly irrelevant, as the wife was not connected with the conspiracy charged, as the defendant has not reconvened for a separation from bed and board, and as the exception of reconciliation had been properly overruled, since the averments in said exception, if taken as true, did not constitute such a state of facts as amount in law to a reconciliation. It is expressly admitted by defendant in article 23 of the answer that his wife had not returned to his home. Necessarily, cohabitation and the marital status had not been resumed by the separated spouses, without which reconciliation in a legal sense cannot be effected. Martin v. Martin, 151 La. 530, 92 So. 46.

[7] On January 25, 1926, defendant tendered an amended and supplemental answer, in which he charged that the shots were fired into his store and dwelling on the night of July 29, 1925, in pursuance of a conspiracy to assassinate him for the purpose of securing his estate, and that the father and brother of plaintiff, and a negro, were parties to the conspiracy, with her full knowledge and consent.

As the allegations in the supplemental answer clearly change the issues in the case, and as defendant did not reconvene for a separation from bed and board on any ground, the trial judge's ruling rejecting the amended answer is correct, in our opinion. C. P. arts. 419, 420, 421; Lampton v. Bank, 41 La. Ann. 719, 6 So. 547; Young v. Gay, 41 La. Ann. 758, 6 So. 608.

Defendant's wife cannot possibly be the woman he paints her to be. No reasonable man could desire to become reconciled to, or to live with, such a woman.

It is apparent that defendant has made strenuous efforts to prevent, if possible, the dissolution of the community of acquêts and gains and the liquidation of its assets in due course.

Judgment affirmed.