LAND, Justice.
 

 On April 25,1934, suit was filed by plaintiff association against defendant bank, in liquidation, represented by J. S. Brock, state bank commissioner, liquidator, - and C. C. Smith, his special agent, and A. L. Mixon, assistant special agent.
 

 The purpose of the suit was to have a note held by the bank compensated by plaintiff’s deposit in the bank, and the note, with the attached collateral, returned to plaintiff, which also claimed a credit of $471.09, payable in due course of liquidation. Tr. pp. 6-9.
 

 On May 12, 1934, the special agents to the state bank commissioner, the liquidator, filed an exception that the citations issued are illegal, null, and void, as exceptors, though cited, had not been made parties to the suit. Tr. p. 11.
 

 On May 29, 1934, a default was entered against J. S. Brock, state bank commissioner. Tr. p. 1.
 

 On June 18, 1934, an exception was filed to the jurisdiction of the court by J. S. Brock, state bank commissioner, liquidator, and his special agents, Smith and Mixon. Tr. p. 12.
 

 On June 19, 1934, the exception filed by Smith and Mixon, special agents, attacking the validity of the citations served upon them, was overruled, and it was ordered that the special agents be granted five days in which to answer. Tv. p. 2.
 

 On June 19, 1934, the preliminary default taken against the state bank commissioner
 
 *1042
 
 was confirmed, and judgment was rendered against him, and against “A. L. Mixon and O. G. Smith, special agents,” although the exception to the jurisdiction of the court, filed by the state bank commissioner and his special agents on June 18, 1934, had not been overruled, and although no preliminary default had been entered against the special agents, who had been granted on June 19, 1934, the day on which judgment was rendered against them, a delay of five days in which to answer. Tr. p. 4.
 

 As a matter of fact, an answer was filed by the special agents and the state bank commissioner on June 21,1934, within two days after the judgment was rendered in this case against them on June 19, 1934. Tr. p. 15.
 

 It cannot be disputed that this answer was filed within the time limit of five days granted by the court within which to answer, and it is clear that the confirmation of the default in this ease was premature. Besides, an exception to the jurisdiction of the court was pending and not disposed of at the time of the confirmation of the default.
 

 A default cannot be confirmed during the pendency of an exception,* else the case must be remanded. State v. Vallette, 26 La. Ann. 730.
 

 No judgment by default can be taken, until all legal exceptions be disposed of. Rawle v. Skipwith, 8 Mart. (N. S.) 118.
 

 A judgment by default, taken and confirmed after the filing of exceptions, is null. Francis v. The Black Hawk, 18 La. Ann. 629.
 

 Defendants have never been heard in the trial court on their exception to the jurisdiction. Judgment was rendered against them, while this exception was pending and undisposed of, and must be set aside.
 

 It is therefore ordered that the judgment appealed from be annulled and reversed ; that this case be remanded to the court below and proceeded with in due course; that plaintiff, appellee, pay the costs of appeal; and that all other costs await final judgment in the case.