STEPHANIE DUGAS *v.* JOSEPH ELIE DUGAS, Her Husband, and others.

A judgment for a separation of property between a husband and wife, is retroactive as far back as the day on which the petition was filed. C. C. 2406. The community of *acquêts* is dissolved from that time ; and purchases made by the wife between the date of the demand and that of the judgment of separation, must be viewed as made on her own account.

The acquired rights of a party to the proceeds of a sale made under an execution in his favor, cannot be affected by subsequent acts, or proceedings, to which he was not a party.

APPEAL from the District Court of Assumption, *Nicholls,* J.

No counsel appeared for the appellant.

*J. C. Beatty,* for the appellees.

MORPHY, J. Sundry executions having issued against Joseph E. Dugas, at the suit of Turner & Woodruff, Elbridge Whitman, Hyde & Goodrich, and Alexander Kirkman & Co., judgment creditors, Stephanie Dugas, his wife, brought this action for a separation of property, claiming for moveable effects brought by her in marriage, and for money since received by her husband from the succession of her father, Jacques Verret, the sum of $2148 42, with privilege and mortgage on the property seized ; and she enjoined in the hands of the Sheriff, the proceeds of the sales about to be made by that officer, under the executions. The judgment creditors answered, denying that the petitioner had any such mortgage as that claimed by her, or that she had received from her father's succession the sum of money set forth in her petition.

They further averred, that the Sheriff's sales, the proceeds of which had been enjoined, amounted to, $4144; that, through error, the Sheriff left in the hands of the purchaser of a tract of land levied upon, the sum of $3600, the amount of certain mortgages supposed to exist on it, while in reality there is no other special mortgage on the land than one for $600, in favor of the Union Bank of Louisiana; and that the plaintiff in the injunction, who purchased all the property seized, is bound to pay the surplus of her bid over this sum, to wit, $3544, into the hands of the Sheriff, to be distributed according to law. They pray for judgment in reconvention accordingly, and for damages at the rate of twenty per cent.

The case was submitted to a jury, according to whose verdict there was a judgment below, ordering that the plaintiff be separated in property from her husband, Joseph E. Dugas; that she be paid, by preference, out of the price of the tract of land enjoined in the hands of the Sheriff, the sum of $1100; and that she be permitted to retain and keep the sum of $660, to meet the special mortgage of the Union Bank. It was further ordered, that the injunction, as to the price of the moveables, should be dissolved, and that the Sheriff should pay its amount, to wit, $543, to the seizing creditors; and it was finally ordered, that Stephanie Dugas should pay over to the Sheriff, out of the price of the land adjudicated to her, the sum of $1840; and that, in the event of her failing to pay the surplus of the price of the land, above the amount she is authorized to retain for her own claim and the mortgage of the Union Bank, an execution should be issued forthwith, commanding the Sheriff to seize the said tract of land, and to sell the same, to satisfy the aforesaid balance due by her. From this judgment, the plaintiff has taken a devolutive appeal.

As no points have been filed in this case, and it has not been orally argued on the part of the appellant, we are somewhat at a loss to know on what grounds the judgment is supposed to be erroneous, and what relief is expected at our hands. The evidence, which we have attentively examined, does not, in our opinion, entitle the plaintiff to a larger sum than that which the jury have allowed her. In searching the record, we have found, that more than twelve months after the land of the defendant had been adju-

dicated to the plaintiff for $3000, and his moveable property for $543, both the land and the moveables were levied upon at. the suit of A. F. Dunbar & Co., other judgment creditors of the defendant, and that a part of the moveables was sold for $223 87, to sundry persons. As evidence of this fact was given below, we suppose that it forms the subject of the appellant's complaint ; but she has only herself to blame, if any of the moveables adjudicated to her were taken away from her and sold. They had become her property, and she had given to the Sheriff her bond, with security, for the amount of the adjudication. It is true, that at the time of the purchase this suit was pending, and no judgment of separation had been rendered ; but, under article 2406 of the Civil Code, the judgment which pronounces the separation of property is retroactive in its effect, as far back as the day on which the petition praying for the same was filed. The community of *acquêts* must, therefore, be considered as having been dissolved from that day ; and all purchases made by the wife, in the intermediate time between the demand and the judgment of separation, must be viewed as made for her own account, and not for the community, which she had declared her wish to put an end to. 13 Toullier, Nos. 97, 99, 105. Pothier, Traité de la Communauté, No. 510. The plaintiff should, therefore, have protected these moveables from the illegal seizure of other creditors of her husband. If she has failed to do so, the acquired right of the defendants in injunction, to the proceeds of the sale made under their executions, has not been affected by subsequent acts or proceedings to which they were not parties ; and the plaintiff is liable for the whole amount of her bond in the hands of the Sheriff.

*Judgment affirmed.*