OVERTON, J.
 

 Plaintiff obtained a separation from bed and board from her husband, Tony Terracina, in the lower court, and the judgment, on appeal, was affirmed. Vicknair v. Terracina, 164 La. 117, 113 So. 787.
 

 The present litigation is the result of an effort to settle the community of acquets and gains that existed between the spouses until it was dissolved by the judgment of separation. It was commenced by a petition for the taking of an inventory, for a rule, directed against defendant, to show cause why he should not render a full and faithful account of the affairs of the community, and for a partition of its effects.
 

 Defendant appeared, and in rendering his account set up numerous claims that he thought should be allowed against the community and deducted therefrom, before a partition of its effects should be made. The trial court allowed some of these claims, but rejected a number of them, as proper charges against the community. Both spouses com
 
 *420
 
 plain of the judgment rendered, defendant' by appeal and plaintiff by answer to the appeal.
 

 Defendant, in this court, acquiesces in the judgment rendered, save in two respects.' One of these is that he complains that the trial judge erred in not allowing his claim against the community for $5,000, which he alleges he accumulated prior to his marriage, and which he contends was brought into the community by him, in cash, and went to its enhancement. The second complaint is that the trial judge erred in not allowing as a claim against the community, to be deducted from the assets thereof, $600 loaned by defendant’s brother-in-law, Frank Terraeina, to him, and $100 by his sister, Mrs. Frank Terraeina.
 

 The trial court, in passing on the $5,000 claim, said:
 

 “Aside from the fact that satisfactory proof is not made that this $5,000 ever went into the marriage, or was used for the benefit or enrichment of the community, it is to be remembered that it is encumbent upon the husband to be most circumspect and accurate in proof of claims against the community. He is the head and master thereof. In a'very real sense, both the wife and her financial interests are at his mercy. * * * To accept his own unsatisfactorily supported assertions would be to place wives at an unfair disadvantage.”
 

 In our view defendant has not satisfactorily established that he brought the $5,-000 into the marriage and that it went to the enhancement of the community. It was necessary that he establish both of these conditions to charge the community with it. Babin v. Nolan, 6 Rob. 508; Succession of Foreman, 38 La. Ann. 700; Succession of Manning, 107 La. 456, 31 So. 862; Munchow v. Munchow, 136 La. 753, 67 So. 819.
 

 While we concur with the trial'judge in his rejection of the foregoing claim, we are unable to do so as to the rejection of the $600 claim, as a charge against the community, alleged to have been borrowed by defendant from Frank Terraeina. Both Frank Terraeina and defendant testified that the loan was made about 1921, and was to bear
 
 2
 
 per cent, per annum interest. Defendant testified that the loan was perfected by Frank Terracina’s placing to his credit $675 in the bank of Lafourche, and that later he returned to Frank Terraeina $75 of this amount, as the latter' needed that much of it. This evidence is corroborated by Brand, the cashier of the bank, who testified concerning the matter, as follows, to wit:
 

 “On September 8, 1921, Mr. Tony Terraeina made a deposit of $675. The same amount was withdrawn by Mr. Frank Terraeina. Now, whether that was the cheek of Mr. Frank Terraeina or the money, I am unable to say, but the records show that on September 8, 1921, Mr. Frank Terraeina withdrew $675 and on the same day a deposit was made by Mr. Tony Terraeina of the same amount. Our records show that, and I am only speaking from the records.”
 

 The evidence, given by the two Terracinas and by Braud is not contradicted in any material respect. The only evidence that has any tendency to weaken any part of it, if that evidence may be so characterized, is that plaintiff disclaimed all knowledge of the loan, and contradicted defendant’s evidence, when the latter testified that he instructed plaintiff to make note of the loan in a small memorandum book that he kept. The fact that defendant did not give Frank Terraeina any written evidence of the loan isi not of any consequence here, especially in view of the fact that the parties to the transaction were closely related by affinity. We think
 
 *422
 
 that this claim should have been, allowed as a charge against the community, though without interest, as defendant does not ask for the allowance of interest. The loan was contracted during the existence of the community, and went, in fact, to enhance it.
 

 As relates to the claim, as a charge against the community, of $100 for money loaned by Mrs. Frank Terracina, that claim lacks the corroboration that supports the loan to Frank Terracina. We are not prepared to say that there was error in refusing to allow it.
 

 The trial court allowed, as a charge against the community, $500 attorneys’ fees, contracted to be paid by the wife for the prosecution of the suit for separation from bed and board, and $33.35 for the printing of briefs therein. There is no complaint as to these allowances. However, the trial court, after reducing considerably the fees contracted to be paid by the husband for defending the suit for separation, as a charge against the community, allowed them, as such a charge, to the extent of $500', and also allowed $25 for the printing of the husband’s briefs. The wife complains of these allowances, made in behalf of the husband, by way of answer to the appeal. The complaint is not as to the amount, but as to allowing them as charges against the community. We think there was no error in so allowing them. In Munchow v. Munchow, 136 La. 753, 763, 67 So. 819, it appeared that the wife obtained a separation from bed and board from her husband. The court in that case allowed the attorney’s fees of the wife, as a charge against the community’, as was done in this case. The court also allowed, as a similar charge, the attorney’s fees of the unsuccessful husband, saying that these fees were a proper charge against the community. The same rule is applicable to the costs of printing briefs.
 

 Complaint is also made by plaintiff that the trial court erred in taxing the costs of the present litigation against the community. The litigation is in the settlement of the community, and the costs thereof were properly taxed against it.
 

 For the reasons assigned, the judgment appealed from is amended so as to allow the loan of $600, made by Frank Terracina, as a charge against the community, and, as thus amended, the judgment is affirmed, the costs of this appeal to be borne by the community.