ROGERS, Justice.
 

 In the suit of Mrs. Floye W. Talbert v. Robert Perkins Talbert, this Court granted the wife a separation from bed and board. See Talbert v. Talbert, 192 La.
 
 *443
 
 837, 189 So. 448. Thereafter, Talbert brought this suit against his wife for the settlement and partition of the community estate. After hearing the parties, the trial judge rendered judgment defining the community property and determining other questions at issue between the parties. Mrs. Talbert, the defendant, appealed from the judgment and Mr. Talbert, the plaintiff, has answered the appeal asking that the judgment be amended in certain minor particulars.
 

 Appellant complains that the trial judge erred in treating as appellee’s separate property the sum of $3,500 used by him to pay the mortgage indebtedness resting upon the tract of land known as the Whitaker Place, which he acquired seven months prior to his marriage. Appellant also complains that the trial judge erred in holding that the appellee was entitled to replace out of the cattle on hand 250 head owned by him at the time of his marriage and in permitting appellee to deduct as community debts from the community assets the following items, viz., alimony $900, attorney’s fees $800, medical bills $400, taxes and insurance $896, and personal expenses $1,000.
 

 We shall dispose of appellant’s complaints in the order of their statement.
 

 The consideration of the sale, when appellee acquired the Whitaker Place, was the assumption on his part of a mortgage held by the Federal Land Bank in the principal sum of $3,500. Appellee contends that he discharged this mortgage indebtedness out of his separate funds. On the other hand, appellant insists that the evidence fails to support appellee’s contention. The parties were married on September 6, 1931. A savings aceount which Talbert carried in the Bank of Clinton shows that on the 1st day of July, 1931, there was a balance of $4,699.20 in that account. A checking account carried by Talbert in the same bank shows that on September 4, 1931, there was a balance of $1,585.97 in that account. The record shows that on June 18, 1932, which was subsequent to his marriage, appellee drew out of the savings account, which antedated his marriage, the sum of $500. Talbert was unable to produce the check, which was probably a cashier’s check, covering the withdrawal of the $500, but he testified that the money was used as a payment on account of the mortgage indebtedness. His testimony in that respect is not refuted. The record also shows that on January 10, 1933, Talbert withdrew $3,-000 from his savings account on the same day he deposited $3,220.60 in his checking account. On the next day — January 11, 1933 — be withdrew $3,200 from his checking account for the purpose of discharging the balance due on the mortgage indebtedness, which amounted to $3,233.38. Subsequently, Talbert withdrew $33.38 from his checking account to make up the difference between the $3,200 check and the actual amount due. Both checks were issued by Talbert to the order of the Federal Land Bank. Since the record shows that the first payment of $500 on account of the mortgage indebtedness was made directly out of the separate savings account and that the second payment to the extent of $3,000, at least, represented a withdrawal
 
 *444
 
 from the savings account which was transferred to the checking account only for the purpose of paying the indebtedness, the identity of this $3,500 as a separate asset of the appellee was clearly established. However, as the total mortgage indebtedness, including interest, amounted to $3,-733.38, it is also clear that community funds to the extent of $233.38 were used by appellee in discharging the indebtedness arid he must be held indebted to the community for that amount.
 

 Appellee testified that he owned approximately 250 head of cattle at the date of his marriage and his testimony is corroborated by that of other witnesses. The trial judge so found and, based upon his finding, decreed that appellee was “entitled to take and receive as his separate property out of the cattle on hand 250 head to replace the number of cattle owned by him at the time of his marriage * * The decree was rendered on the authority of the Succession of Andrus, 131 La. 940, 60 So. 623, and the cases therein cited. Those authorities amply support the ruling of the trial judge.
 

 In order to fix the liability for the other items which the trial judge decreed that appellee was entitled to deduct out ,of the community estate, it is necessary to determine the effect on the community estate of the judgment of separation from bed and board. The law governing such judgments is that they are retroactive as far back as the day on which the suit was filed. Civ.Code, art. 2432. The community is dissolved from that time. Dugas v. Dugas, 6 Rob. 527; Gastauer v. Gastauer, 143 La. 749, 79 So. 326.
 

 In Dugas v. Dugas this Court, in applying the codal article, held that purchases made by the wife between the date of her suit and that of the judgment of separation must be viewed as made on her own account. In. Gastauer v. Gastauer this Court, in applying the codal article, held that the costs in the sepáration suit taxed against the husband are not chargeable to the community, but are chargeable to him separately. The Court also held in that case that the judgment of a third person obtained against her husband for a debt accruing after the wife’s suit for separation was not a community debt but a separate debt of the husband.
 

 The items of $900 for alimony pendente lite, medical expenses amounting to $400, and $1,000 for personal expenses of the appellee having been incurred by the husband subsequent to the filing of the suit for separation are not debts for which the community is responsible, but are debts for which appellee alone is^ responsible.
 

 The item of $800 for attorney’s fees covering the fees of the attorneys employed' by both the husband and the wife for the prosecution and defense of the suit of separation from bed and board is properly charged as a community debt. Vicknair v. Terracina, 168 La. 417, 122 So. 276; Munchow v. Munchow, 136 La. 753, 67 So. 819.
 

 The item of $896 claimed by appellee for taxes and insurance paid by him can not be maintained as an obligation oi
 
 *445
 
 the community. Presumably this payment was for taxes and insurance on appellee’s separate property. But nowhere in the record is there any evidence to show that appellee paid the amount claimed for taxes and insurance even if they were paid for account of the community.
 

 The record shows that the amount of cash on hand at the time the suit for separation from bed and board was filed was $2,177.99. The income received thereafter from all sources amounted to $1,361. There was, however, no net profit derived from the operation of appellee’s business subsequent to the filing of the separation suit.
 

 In his answer to the appeal, appellee asks that the judgment of the district court be amended so as to allow him to charge to the community estate $200 as an attorney’s fee incurred by him in this proceeding. Appellee bases his claim on Act No. 69 of 1918, authorizing the assessment of attorney’s fees as costs in non-contested judicial partitions. Appellee’s claim can not be allowed. This is not a non-contested partition suit within the meaning of the statute and as the attorney’s fee now being demanded by appellee was incurred after the rendition of the judgment of separation from bed and board it can not be recovered by him.
 

 For the reasons assigned, the judgment appealed from is amended so as to reduce the amount of cash constituting the community estate from $3,438.99 to $2,177.99. The judgment is also amended so as to decree that the separate estate of Robert Perkins Talbert is indebted to the community estate in the sum of $233.38 paid by Talbert out of community funds on account of his mortgage indebtedness. The judgment is annulled so far as it decrees that Robert Perkins Talbert is entitled to deduct out of the community estate the following items, to-wit: alimony $900, medical 'bills $400, taxes and insurance $896, personal expenses $1,000. In all other respects the judgment is affirmed; costs of the appeal to be paid out of the mass of the community.