SAMUEL, Judge.
This case, a divorce suit in which a final judgment of divorce has been rendered and which now involves the partition and settlement of the community estate, has been before us on two prior occasions, on appeal (157 So.2d 628) and later on the return to an alternative writ of mandamus (176 So.2d 196) relative to granting suspensive appeals to the relators, Robert M. Pennison and James J. Morrison. It is now before us on the Pennison and Morrison appeals.
Appellants have intervened in the partition proceedings claiming to be creditors of the community formerly existing between the original litigants. They seek to be paid out of the community funds and have prosecuted the appeals from a judgment denying their claims.
The appeal by Mr. Pennison presents only a question of fact. He is -the father of the husband in the divorce proceedings and has been recognized as a creditor of the community in the sum of $500.00, the amount of a loan made to his son in 1957 for the benefit of the community. He now claims an additional sum of $410.00 as the balance due on account of a second $500.00 loan allegedly made by him to his son for the benefit of the community in 1960, more than three years after the first loan was made.
The claim for the first loan was contested at the original trial in the district court. At that time appellant and his son testified and, despite the fact that the second loan, the basis of the present intervention, allegedly had been made more than two years prior to the time their testimony was taken, neither mentioned or claimed the second loan in his testimony or otherwise. More than two years after the testimony at the original trial Mr. Pennison filed his intervention and for the first time claimed the second $500.00 loan. During the trial of the intervention appellant testified a note for the second $500.00 loan had been given to him by his son just two weeks before that trial on March 30, 1965, which note was dated back to December 7, 1960. The record contains no corroborating evidence other than the testimony of appellant’s son, the defendant husband in the divorce suit.
The trial judge found as a fact that only the first loan had been made. This is a finding of fact involving only the credibility of witnesses heard and seen by the trial judge and we find no error therein.
Appellant Morrison is the attorney who represented the defendant husband. He claims to be a creditor of the community for attorney’s fees in the amount of $3,500.-00 for services rendered to his client in the divorce proceedings prior to the judgment of divorce. In our opinion on the return to the alternative writ of mandamus we pointed out that the only question before us at that time was whether or not relators were entitled to appeal suspensively; we expressed no opinion as to the validity or amount of their claims. Now, after mature consideration and with the full record, briefs and argument before us, we are of the opinion that Mr. Morrison does not *534 have a valid claim against the community estate for his attorney’s fees.
The general rule established in Louisiana by the jurisprudence is that attorney’s fees incurred by the wife in a suit for separation from bed and board or for divorce is an obligation of the community to the extent that the same can be acquitted out of the assets of the community regardless of whether or not she has been successful. If she is successful the community is dissolved and she is entitled to a judgment for her attorney’s fees in the separation or divorce suit; if unsuccessful and the community is not dissolved her attorney may recover his fees from the community in a proceeding instituted by the attorney against the husband, as head and master of the community. See Tanner v. Tanner, 229 La. 399, 86 So.2d 80 and cases cited therein.
These are exceptions to the established principles that (1) ordinarily a litigant is not entitled to recover attorney’s fees, even when successful in the suit, except where the obligation therefor is imposed by contract or statute (Griffin v. Bank of Abbeville & Trust Company, 228 La. 857, 84 So.2d 437; Brantley v. Tugwell, 223 La. 763, 66 So.2d 800; Efner v. Ketteringham, 217 La. 719, 47 So.2d 331); and (2) where there is a contractual obligation to pay attorney’s fees it belongs to the person in whose favor the main obligation runs and not to his attorney (See Foundation Finance Co. v. Robbins, 179 La. 259, 153 So. 833).
The reasons for the exceptions are: (1) in most cases (where the wife does not have separate property) the wife’s right to employ counsel to represent her in a suit for a separation or divorce is a barren one, and she is practically without remedy, if her attorney’s fees cannot be charged against the community; and (2) where the community is not dissolved the wife is legally incapable of entering suit or obtaining a judgment against the husband for attorney’s fees.
The reasons for these exceptions' have no application to the husband; as head and master of the community he controls the community funds and can pay his attorney without court order. The only instances in which the community was required to pay the attorney’s fees of the husband that we have been able to find in the jurisprudence of our Supreme Court are those in which the attorney’s fees for the wife were also paid out of the community. See Talbert v. Talbert, 199 La. 882, 7 So.2d 173; Uchello v. Uchello, 220 La. 1061, 58 So.2d 385; Tanner v. Tanner, supra; Vicknair v. Terracina, 168 La. 417, 122 So. 276; Munchow v. Munchow, 136 La. 753, 67 So. 819. We believe the underlying reason for these holdings is simply a matter of fairness and equity; if the-wife’s attorney’s fees are paid out of community funds the husband’s attorney’s fees should also be paid from the same source.
In the instant case the total net community estate amounts to $11,248.79. It consists of $3,492.78 on deposit with the Clerk of the Civil District Court (a sum-realized from a court ordered sale of immovable community property) and an indebtedness to the community by the husband’s separate estate of the balance, the sum of $7,756.01. Here the wife sought to have her attorney’s fees paid out of the community; the husband did not seek that relief insofar as his own attorney’s fees were concerned. The trial court judgment ordered each litigant to bear his or her own attorney’s fees. It also awarded to the wife-the community funds on deposit with the Clerk of Court in part payment of her share of the community estate and granted her a money judgment against her former husband for the balance due as her share of the community estate. Neither the husband nor the wife has appealed from that judgment and it is now final.
We note that, if the trial court judgment (which was handed down prior to Mr. Morrison’s intervention and claim for attorney’s *535 fees) had ordered that the attorney’s fees of both husband and wife be paid out of the community, the husband’s fees simply would have been offset against his indebtedness to the community.
It suffices to say that to allow Mr. Morrison to collect his fees out of this community would be equivalent to holding that those fees must be paid entirely out of the wife’s share of the community and she alone would be forced to pay the fees of both attorneys.
The judgment appealed from is affirmed.
Affirmed.