187 So.2d 747

Vera TOOLEY, Divorced Wife of
Ronald J. PENNISON

v.

Ronald J. PENNISON.

No. 48021.

June 6, 1966.

Rehearing Denied June 30, 1966.

E. Howard McCaleb, III, James J. Morrison, New Orleans, in pro. per.

Marcel J. Meunier, Jr., of Meunier, Martin & Meunier, New Orleans, for appellee.

SANDERS, Justice.

Seeking recognition as a community creditor in this partition proceeding is an attorney who represented the husband in his successful divorce action. He seeks payment of his fee from the community funds before they are disbursed to the former wife in partial satisfaction of her community interest.

On September 14, 1961, Mrs. Vera Tooley Pennison sued her husband for a separation from bed and board. On September 26, the husband appeared through attorney James J. Morrison and filed exceptions to the demand. The attorney also represented the husband in rule nisi hearings for the issuance of a preliminary injunction related to the community property.

On November 3, 1961, the husband filed an answer and reconventional demand for a divorce from his wife on the ground of adultery. Alleging the existence of some community property and "many debts", the husband also prayed for a partition of the community.

After a long and acrimonious trial, the trial court rendered judgment June 1, 1962, dismissing the wife's petition and granting the husband a divorce. The judgment further provided:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the effective date of termination of the community be the day of this Judgment, and that the community consist of the following items:

"[Items 1–4 list .community properties].
* * *

"5. *A credit for all community debts.*

"6. It is specifically declared that the community is indebted to Robert M. Pennison in the sum of $500.00 advanced by him at the time of the purchase of 533–35 Belleville Street. * * *

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that parties hereto be referred to F. Irvin Dymond, Notary Public, to effect a partition of the community in accordance with this Judgment." (Italics ours).

On May 29, 1963, the Notary Public secured an order to inventory the community property. Later, he filed the inventory of the community property but asked to be discharged because the parties could not agree on a partition. The trial judge signed an *ex parte* order discharging the Notary Public.

Through his attorney, the husband objected to the inventory because it "failed to list the community debts."

On the wife's motion, the court ordered a sale at public auction of the community real estate. From the sale, the sum of $3,492.78 was deposited in the court's registry.

On April 7, 1965, the court rendered a partition judgment assessing several community debts against the husband, awarding to the wife the cash on deposit in the court's registry and giving the wife judgment against her husband for $2,131.61, the balance due her by the husband's separate estate. The judgment further decreed "all attorney fees shall be borne by the respective parties hereto."

Neither husband nor wife appealed the partition judgment. But the husband's attorney "intervened" and sought a suspensive appeal. He alleged his unpaid attorney fee of $3500.00, for representing the husband until the divorce judgment, constituted a community debt and he was aggrieved by the judgment disbursing all community funds to the wife without paying the debt. After appellate proceedings, the trial court granted the appeal. See La.App., 176 So. 2d 196.[1]

On appellant-attorney's appeal from the partition judgment, the Court of Appeal affirmed the trial court's award of the community funds to the wife. The court denied payment of the attorney fee from community funds. 185 So.2d 532.[2] We granted

---

1. The Court of Appeal judgment maintaining the right of appeal is now final.

2. The Court of Appeal granted a rehearing as to the companion appeal of Robert M. Pennison, another alleged creditor.

certiorari to review the judgment of the Court of Appeal.

The amount of the attorney fee is undisputed. During the partition proceeding, the attorneys jointly stipulated the fee to be $3500.[3]

Strongly contested, however, is appellant's assertion that his unpaid fee is a community debt, payable out of community funds before their disbursement to the former wife.

The Court of Appeal rejected appellant's contention that the attorney fee was a community debt payable out of community funds, stating:

"The reasons for these exceptions have no application to the husband; as head and master of the community he controls the community funds and can pay his attorney without court order. The only instances in which the community was required to pay the attorney's fees of the husband that we have been able to find in the jurisprudence of our Supreme Court are those in which the attorney's fees for the wife were also paid out of the community. See Talbert v. Talbert, 199 La. 882, 7 So.2d 173; Uchello v. Uchello, 220 La. 1061, 58 So.2d 385; Tanner v. Tanner, supra; Vicknair v. Terracina, 168 La. 417, 122 So. 276; Munchow v. Munchow, 136 La. 753, 67 So. 819. We believe the underlying reason for these holdings is simply a matter of fairness and equity; if the wife's attorney's fees are paid out of community funds the husband's attorney's fees should also be paid from the same source. * * *

"We note that, if the trial court judgment (which was handed down prior to Mr. Morrison's intervention and claim 'for attorney's fees) had ordered that the attorney's fees of both husband and wife be paid out of the community, the husband's fees simply would have been offset

---

3. "BY MR. MEUNIER:
"* * * At the same time your Honor stated that you were going to take up the matter of attorney's fees at this time, *and you said we would not be required to file a separate motion for that.* * * * You said that we would hear it today. * * * (italics ours).
"BY THE COURT:
"All right. * * *
"BY THE COURT:
"All right. Why can't you agree, gentlemen, stipulate? I know how much time you spent in here. I think the fees that you both have suggested are certainly reasonable. I think the record will bear out the number of visits that you made to this Court and innumerable times you've been here. The nature of the case in itself justifies the type of fee that you gentlemen have placed and put into the record or have charged for your services. * * *
"BY MR. MORRISON:
"Yes, and I would like a similar stipulation to the effect of the same fee $3500.-00 representing my own services up until the date of the judgment of divorce.
"BY THE COURT:
"Is that stipulated?
"BY MR. MUENIER:
"Yes, sir.
"BY THE COURT:
"All right. * * *"

against his indebtedness to the community."

We disagree with this holding.

LSA–C.C. Article 2403 decrees:

"[T]he debts contracted during the marriage enter into the partnership or community of gains, and must be acquitted out of the common fund * * *."

■ Initially, therefore, we must determine whether appellant's attorney fee is a "debt contracted during the marriage."

The divorce judgment was rendered on June 1, 1962. Article 155, LSA–C.C. then provided:

"Separation from bed and board carries with it separation of goods and effects. * * *"4

Under this Article, the community of acquets and gains was dissolved on the date of the divorce judgment. LSA–C.C. Art. 159; Tanner v. Tanner, 229 La. 399, 86 So.2d 80; Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169.

Since appellant's professional contract was made before the divorce judgment and even before the filing of the reconventional demand for divorce, the debt was clearly contracted during the marriage. Hence, the attorney fee is a community debt, unless other Codal or statutory provisions prohibit the husband from contracting such a debt.

Respondent relies upon Article 150, LSA–C.C.:

"From the day on which the action of separation shall be brought, it shall not be lawful for the husband to contract any debt on account of the community, nor to dispose of the immovables belonging to the same, and any alienation by him made after that time, shall be null, if it be proved that such alienation was made with the fraudulent view of injuring the rights of the wife."

Respondent contends this Article prohibited the husband from obligating the community for an attorney fee after her suit for separation had been filed. She points out her petition was filed September 14, 1961, and the husband engaged his attorney thereafter. The court, as we have noted, rendered judgment dismissing the separation petition.

Appellant contends the dismissal of the separation petition rendered it ineffectual, as though it had never been filed. Hence, he reasons the Codal provision did not bar the husband from contracting the attorney fee as a community debt. He relies upon Sciambra v. Sciambra, La.App., 153 So.2d 441, Cert. denied 244 La. 900, 154 So.2d 768, holding the husband's attorney fee a community debt under similar circumstances.

■ After carefully considering Article 150, we have concluded it is inappli-

4. This Article was subsequently amended by Act No. 178 of 1962.

cable to a husband's contract with an attorney to represent him in a pending separation or divorce action. The Article is designed to protect the wife from the husband's obligating the community in transactions foreign to the matrimonial litigation. See, e. g., Landreneau v. Ceasar, La.App., 153 So.2d 145, Cert. denied, 244 La. 901, 154 So.2d 769, and Ohanna v. Ohanna, La.App., 129 So.2d 249, Cert. denied. It does not apply to a legal fee arising from the litigation itself. Such a fee is a normal incident of the adversary proceeding. It enables the husband to take necessary legal action to protect marital and community interests. The amount of the fee is, of course, subject to judicial review. This Court has consistently classified the husband's attorney fee for legal representation in a divorce action as a community debt. Thigpen v. Thigpen, 231 La. 206, 91 So.2d 12; Uchello v. Uchello, 220 La. 1061, 58 So.2d 385; Talbert v. Talbert, 199 La. 882, 7 So.2d 173; Vicknair v. Terracina, 168 La. 417, 122 So. 276; Munchow v. Munchow, 136 La. 753, 67 So. 819.

In Talbert v. Talbert, this Court said:

"The item of $800 for attorney's fees covering the fees of the attorneys employed by both the husband and the wife for the prosecution and defense of the suit of separation from bed and board is properly charged as a community debt. Vicknair v. Terracina, 168 La. 417, 122

So. 276; Munchow v. Munchow, 136 La. 753, 67 So. 819."

In Vicknair v. Terracina, the Court held the husband's attorney fee was a community debt, stating most succinctly:

"The wife complains of these allowances, made in behalf of the husband, by way of answer to the appeal. The complaint is not as to the amount, but as to allowing them as charges against the community. We think there was no error in so allowing them."

We hold the husband's attorney fee is a community debt, although contracted after the wife brought suit for separation from bed and board. But this holding cannot end our consideration of the case. Relying on the Court of Appeal's decision, respondent raises other defenses.

■ Respondent first contends the community obligation to pay the attorney fee existed only in favor of the husband. The attorney himself has no right of action for the fee. Hence, respondent reasons, collection of the fee from the community is barred unless the husband sues and recovers judgment for it in the divorce action. This argument lacks merit. As head and master of the community, the husband contracted a community debt when he engaged the attorney's professional services. The attorney became a community creditor. There are cases, it is true, in which the judgment for the attorney fee has been rendered in favor

of the husband. See, e. g., Thigpen v. Thigpen, supra. These cases, however, do not hold the attorney may not in his own right assert his debt in the partition of the community estate. He may do so, for he is an actual creditor. Because it failed to recognize the attorney's creditor status, the Court of Appeal erred in interposing the husband's indebtedness to the community as a bar to the payment of the attorney fee.

■ Respondent next asserts the husband's attorney fee should be paid from community funds only when the wife's attorney fee is also paid from the same source. She reasons the lower court's judgment was entirely proper, because it ordered both husband and wife to pay their own fees. It is true in most cases both fees are paid from the community. But no rule makes payment of the husband's attorney fee dependent upon payment of the wife's. In Thigpen v. Thigpen, supra, for instance, only the husband's attorney fee was paid from the community in the partition.[5] Such a contingency argument finds no support in legal theory. We reject it.

■ Finally, respondent asserts the attorney as a community creditor has no right to require payment of his debt before division and disbursement of community funds. This contention is groundless.

5. The court had rendered a judgment against the husband, individually, for the

The wife's claim to one-half of the community is subordinate to the claims of community creditors. The creditors must be satisfied before final distribution of the assets. Fundamentally, the existence of community *gains* is determinable only after the community debts have been paid. LSA–C.C. Arts. 2403, 2409; Daigre v. Daigre, 230 La. 472, 89 So.2d 41; Demoruelle v. Allen, 218 La. 603, 50 So.2d 208; Tomme v. Tomme, 174 La. 123, 139 So. 901; 25 Louisiana Law Review 224–226.

In Tomme v. Tomme, this Court enunciated the basic principle:

"The law contemplates that there shall be a liquidation, a settlement of the community affairs after its dissolution, without which there is no way of ascertaining the net value thereof. Under no theory can it be said that the former husband owes his divorced wife anything unless a liquidation of the community shows some net amount remaining in his hands after the property is disposed of and the debts are paid."

Following Tomme v. Tomme, the Court stated in Demoruelle v. Allen:

"[N]either the spouses nor the heirs have anything to claim out of the acquets and gains 'until all the debts are paid or liquidated.' "

wife's attorney fee in the separation judgment.

In Daigre v. Daigre, the Court said:

"While it is true that after divorce the wife, as a joint owner, may sue her husband for a partition of the community property without alleging or proving the liquidation of the community, Giglio v. Giglio, 159 La. 46, 105 So. 95; Rhodes v. Rhodes, 190 La. 370, 182 So. 541; In re F. H. Koretke Brass & Mfg. Co., Ltd., 195 La. 415, 196 So. 917; Butler v. Bolinger, 16 La.App. 397, 133 So. 778, it is not however proper to give a wife a money judgment which is executory without first ascertaining if there are any debts."

We conclude appellant's attorney fee, which we have recognized as a community debt, must be acquitted out of community assets in accordance with established procedures for the liquidation and partition of the community estate. Hence, in accordance with the prayer of the appellant, the partition judgment must be reversed. The appellant also prays that the case be remanded to the district court with instructions. Since the record suggests other community debts exist, which may necessitate proration, justice requires that we remand the case for further proceedings consistent with the views herein expressed.

For the reasons assigned, the judgment of the Court of Appeal affirming the judgment of the district court is reversed and set aside and the case is remanded to the Civil District Court for the Parish of Orleans for further proceedings according to law and consistent with the views herein expressed. All costs of this appeal are assessed against the appellees in equal proportions, and all other costs shall await the final disposition of the case.

HAMITER, J., concurs in the result.

HAWTHORNE, J., dissents with written reasons.

McCALEB, J., recused.

HAWTHORNE, Justice (dissenting).

It is my view that the judgment of the Court of Appeal affirming the judgment of the district court is correct and should be affirmed. See Tooley v. Pennison, Fourth Circuit Court of Appeal Docket No. 1931, decided May 2, 1966, 185 So.2d 532.