JOHNSON, Judge.
The particular phase of this much litigated divorce suit with which we are now concerned is the opposition of counsel for defendant (the husband) to the judgment of the Civil District Court for the Parish of Orleans, which judgment included the fee of the attorney for plaintiff (the wife) in the tableaux distributing money belonging to the community estate toward the payment of community debts. From that judgment counsel for defendant and another creditor appealed.
It is unnecessary to recite the long chronology of trials and appeals which brings us to this dispute. Suffice it to say, that on the sale of community property *404 the amount of the net proceeds of $3,492.78 was deposited in .the registry of the court; that the trial court rendered a petition judgment on April 7, 1965, decreeing, inter alia, that the community cash on deposit be awarded to Mrs. Pennison, and ordering that all attorneys’ fees are to be borne by the respective parties hereto. James J. Morrison, counsel for the husband, then, individually, and as a creditor, intervened and appealed. Neither the husband nor the wife appealed from that judgment. This court affirmed the trial court’s decision. 185 So.2d 532. On the application of Mr. Pennison’s attorney, acting individually and as an intervening creditor, the Supreme Court granted certiorari. After reviewing thoroughly the law and jurisprudence, the Supreme Court held that, in this case, the fee of the husband’s attorney is a community debt, it having been contracted before the judgment of divorce was rendered. No special reference or mention by name was made in the Supreme Court decision to the fee of the wife’s attorney. We think the reasons given by the court for the ruling that the fee of the husband’s attorney is a community debt applies equally as well to the fee of the attorney for Mrs. Pennison, because she employed her attorney during the marriage before she filed this suit for a separation. The suit was later converted to a divorce action on the husband’s re-conventional demand. Our Civil Code, article 2403, provides that debts contracted during the marriage must be acquitted out of the community estate; Thigpen v. Thigpen, 231 La. 206, 91 So.2d 12 (23); Tanner v. Tanner, 229 La. 399, 86 So.2d 80, Glorioso v. Glorioso, 223 La. 357, 65 So.2d 794.
The Supreme Court remanded the case to the trial court with instructions that community debts should be prorated and paid by the community estate. 249 La. 587, 187 So.2d 747.
There are three creditors of this community estate: Counsel for plaintiff (the wife) for his attorney fee, $3,500.00; counsel for defendant (the husband) for his attorney fee, $3,500.00, and Robert M. Pennison, the husband’s father, for money loaned, $500.00.
In accordance with the Supreme Court decision referred to above, the trial court rendered judgment on May 17, 1967, prorating $3,492.78, the cash on deposit in the registry of the court, to these creditors, as follows: To Robert M. Pennison 500/7500 or .066666, $232.86; to James J. Morrison 3500/7500 or .466666, $1,629.96; to Richard J. Meunier 3500/7500 or .466666, $1,629.96.
James J. Morrison, individually as inter-venor, and Robert M. Pennison appealed and the matter is now before us on that appeal.
The Supreme Court held that the fee of the attorney for the husband is a community debt and that the cash on deposit in the registry of the court, being a community asset, cannot be paid to the wife because that money belongs to the community estate, and that the wife’s claim to one-half of the community estate is subordinate to the claims of the community creditors. The intervenor contends that the cash on deposit must be awarded only to him and Robert M. Pennison, for the reason that the wife did not appeal from the judgment of the trial court of April 7, 1965, which decreed that the parties to the suit must pay their own respective attorneys, and therefore, he' further contends, that portion of that judgment is res judicata as to the wife. We cannot agree with intervenor’s contention.
The judgment of the trial court of April 7, 1965, decreeing that both parties pay their respective attorneys, indicates, but does not specifically hold, that the attorneys’ fees are not community debts. It may be that the court felt that the cash money belonging to the community not being enough to pay both attorneys’ fees in full and the fee on each side being the same, the payment by each party of that party’s own attorney would be a set-off. Regardless of why the court ordered the parties to pay their respective attorneys, the order in that judgment did not take from the wife’s *405 attorney his status as a creditor of the community and the wife’s failure to appeal from that judgment does not change his status. The attorney is still a creditor of the community estate. The total cash now available in that estate is $3,492.78 on deposit in the registry of the court. The creditors have first claim on it.
Neither did the Supreme Court on remanding the case to the trial court with instructions to prorate that money to community creditors, intend to confine the distribution to the intervenor and Robert M. Pennison only, and did not intend to restrict the attorney for the wife to look only to the wife individually for payment. The language used by Mr. Justice Sanders, author of that. decision, makes it perfectly clear that the money should go to all creditors of the community and that both these attorneys are community creditors. The Court said: “The creditors must be satisfied before the final distribution of the assets. Fundamentally, the existence ' of community gains is determinable only after the community debts have been paid.” (Authorities cited.) The Court quoted from Demoruelle v. Allen, 218 La. 603, 50 So.2d 208 (following Tomme v. Tomme, 174 La. 123, 139 So. 901), as follows:
“But neither the spouses nor the heirs have anything to claim out of the acquets and gains ‘until all the debts are paid or liquidated.’ ”
The Supreme Court closed its discussion, as follows, 187 So.2d 747, 752:
“We conclude appellant’s attorney fee, which we have recognized as a community debt, must be acquitted out of community assets in accordance with established procedures for the liquidation and partition of the community estate. * * Since the record suggests other community debts exist, which may necessitate proration, justice requires that we remand the case for further proceedings consistent with the views herein expressed.”
For these reasons the decision of the trial court is affirmed with cost of this appeal to be paid by appellants.
Affirmed.