PICKETT, Judge. '
On March 3, 1970, a judgment was signed granting plaintiff, Martha Blasco Malone, a final divorce from the defendant, Bernard L. Malone, Jr., awarding her the custody of her minor children of the marriage, subject to the right of reasonable visitation by defendant, and condemning defendant to pay to plaintiff for her support $125.00 per month and $375.00 per month for the support of her minor children. On May 18, 1970, a judgment was rendered granting plaintiff and defendant, each, attorney fees in the amount of $1,-500.00, payable out of the community of acquets and gains. The plaintiff prosecutes this appeal. The appellant complains that the award of alimony for the support of herself and her minor children is inadequate; and that the Trial Court erred in decreeing that court costs and attorney fees be paid from the community of ac-quets and gains.
It was stipulated that the wife was without fault. A wife without fault is entitled to alimony under LSA-C.C. Art. 160, the pertinent part of which reads as follows:
“If the wife who has obtained the divorce has not sufficient means for her maintenance, the Court may allow her in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income; provided: * * *.
“This alimony shall be revocable in case it should become unnecessary, and in case the wife should contract a second marriage.”
In Leavines v. Leavines, 224 So,2d 26, the Court of Appeal, Fourth Circuit in construing the meaning of this Article, said:
“Alimony allowed under this Article is in the nature of a pension or gratuity. Smith v. Smith, 217 La. 646, 47 So.2d 32. Before a wife is entitled to permanent alimony, she is required to establish that she has insufficient means to support or maintain herself. ‘Maintenance’ primarily means food, clothing and shelter, and not living at a standard to which she has been accustomed during the marriage. Rabun v. Rabun, 232 La. 1004, 95 So.2d 635; Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702; Fruehan v. Fruehan, La. App., 153 So.2d 75.”
To be entitled to alimony, the burden was upon the appellant to establish that she has insufficient means to support or maintain herself. She testified that she had no other income than the money given to her by the appellee. However, she did not say she was without means to support herself. The evidence shows that she owns one-half interest in whatever community property that she and the appellee had at the time of the dissolution of their marriage. But the appellant failed to show the value of the community property with any degree of certainty. She had the burden of proving that she did not have sufficient means to support herself. In Smith v. Smith, 217 La. 646, 47,So.2d 32, the Supreme Court said:
“However, under our appreciation of the law as embodied in Article 160 of the Code and as distinguished from the provisions of Article 148, in determining her means of maintenance, her income is not the sole thing to be taken into consideration. The Court has to look to all of her ‘means’ in determining whether or not they are sufficient.”
An examination of the evidence shows that the greater portion of the appellee’s income is derived from the Malone Appliance Company, Inc., which was organized in 1964. Prior to the organization of the corporation the name of the business was Malone Appliances. It was owned and operated by the appellee and his father, B. L. Malone, Sr., and his mother, Mrs. Cecelia R. Malone. However, the interest of B. L. Malone, Jr. is not clearly set out. On Au *102 gust 21, 1964, the partnership conveyed all its assets to the above mentioned corporation. When the assets were transferred to the corporation, B. L. Malone, Sr. was given a debenture note executed by the corporation for the sum of $129,000.00 as his consideration for the transfer of his interest in the business and its assets. The note which is dated August 21, 1964, and is due August 21, 1984, provides for the payment of four per centum per annum interest payable monthly. The note contains a provision that all or any part of the principal may be paid on any interest paying date. In the latter part of 1967, the appellee purchased the interest of his father in the corporation, and the corporation was permitted to retain $129,000.00 of the inventory upon the agreement of the son that the corporation would begin the payment of the debenture note on a monthly basis, rather than waiting until 1984 for it to mature. The 1968 tax return filed in evidence shows that appellee received $12;-000.00 in salary from the corporation and dividends in the amount of $7,336.01, or a total of $19,336.01 from the corporation. He received $1,062.00 from other sources. Therefore, he had a total income of $20,-398.01, as disclosed by his income tax return. Hence, the appellee’s chief source of revenue is from the corporation.
The appellee acquired the remainder of interest in Malone Appliance Company, Inc., in the latter part of 1967. This suit was instituted on April 9, 1969. Therefore, the corporation is community property. In 1968 when these parties were residing together the corporation showed a profit and $7,336.01 was withdrawn by ap-pellee and shown on his individual return as a dividend. It was stipulated at the trial that Malone Appliance Company, Inc. being a corporation would be exempt from the permanent injunction restraining appel-lee from disposing of any assets of the community. This would permit the continued operation of the corporation. Appellant is nevertheless the owner of one-half of the capital stock of Malone Appliance Company, Inc. and as such she is now entitled to receive one-half of any dividend declared by the corporation. Appellee has over the years received a salary of $1,000.-00 per month or $12,000.00 per year. In view of this fact his ability to pay should be based upon his salary of $12,000.00 per year. Any sums in excess of this amount drawn from the corporation would address itself to an accounting by him to the corporation at the instance of appellant as the owner of one-half of the stock.
The judgment appealed from awards appellant $6,000.00 per annum for .herself and .the minor children. If the corporation makes a profit, the appellant, as the owner of one-half of the capital stock of the corporation, is entitled to one-half of the income derived from such profit. The evidence does not show that appellee has any other income of any consequence except from his salary and dividends derived from the corporation. Since the appellant is the owner of a one-half interest in the community property, it cannot be said that she is without means of support, as long as she has not liquidated such assets. After a careful examination and consideration of all the evidence, we do not feel that the awards of alimony made by the Trial Court were inadequate.
Counsel for the appellant argues that the Trial Court erred in awarding attorney fees to the husband payable out of the community of acquets and gains. The appellant relies upon LSA-C.C. Article 150:
“From the day on which the action of separation shall be brought, it shall not be lawful for the husband to contract any ' debt on account of the community, nor to dispose of the immovables belonging to the same, and any alienation by him made after that time, shall be null, if it be proved that such alienation was made with the fraudulent view of injuring the rights of the wife.”
*103 In the case of Pennison v. Pennison, 249 La. 587, 187 So.2d 747, our Supreme Court construed the meaning of the above cited Article of the Civil Code with reference to matrimonial litigation, and in that connection said:
“After carefully considering Article 150, we have concluded it is inapplicable to a husband’s contract with an attorney to represent him in a pending separation or divorce action. The Article is designed to protect the wife from the husband’s obligating the community in transactions foreign to the matrimonial litigation. See, e. g., Landreneau v. Ceasar, La. App., 153 So.2d 145, Cert, denied, 244 La. 901, 154 So.2d 769, and Ohanna v. Ohanna, La.App., 129 So.2d 249, Cert, denied. It does not apply to a legal fee arising from the litigation itself. Such a fee is a normal incident of the adversary proceeding. It enables the husband to take necessary legal action to protect marital and community interests. The amount of the fee is, of course, subject to judicial review. This Court has consistently classified the husband’s attorney fee for legal representation in a divorce action as a community debt. Thigpen v. Thigpen, 231 La. 206, 91 So.2d 12; Uchello v. Uchello, 220 La. 1061, 58 So. 2d 385; * * * Vicknair v. Terracina, 168 La. 417, 122 So. 276; Munchow v. Munchow, 136 La. 753, 67 So. 819.”
Based on the foregoing interpretation of LSA-C.C. Article 150, we find that the attorney fees of both husband and wife are community debts. There is no complaint about the amount of the attorney fees awarded. It is our further opinion that the trial court correctly ordered all the court costs to be paid from the community of acquets and gains.
For the above and foregoing reasons the judgment of the trial court is affirmed.
Affirmed.