SAMUEL, Judge.
This is a suit by an attorney at law for legal services rendered by him to a wife in connection with her suit for a separation from bed and board. Alleging the services constituted a community obligation, the petition seeks an in solido judgment against the then former husband and wife (they were divorced at the time this suit was filed). Service of process was not made on Mrs. Holloman, who had moved out of the State of Louisiana, and the matter proceeded only as against Mr. Holloman. He filed exceptions of no right or cause of action which, in effect, were referred to the merits, and an answer in which he denied any indebtedness. After trial there was judgment in his favor and against the plaintiff, dismissing the latter’s suit. Plaintiff has appealed.
Plaintiff was the only witness who testified and the facts are not in dispute. He was retained by the wife to represent her in separation and divorce proceedings against her husband. On her behalf he filed a suit in the Parish of Orleans seeking a separation and, in connection therewith, obtained a consent judgment ordering the defendant to pay child support and enjoining him from selling certain community property. Subsequently she signed a contract by which she agreed to pay $500 for plaintiff’s services. However, she then left the State of Louisiana, proceeded no further with her separation suit here, and later obtained a divorce in the State of Florida. One hundred dollars was paid on the $500 fee stipulated in the contract and this suit is for the remaining $400 balance.
Our settled law is that the fee of the wife’s attorney in a suit for divorce or separation is an obligation of the community, regardless of whether or not the suit has been successful, and her attorney may recover his fee on a quantum meruit basis. Pennison v. Pennison, 249 La. 587, 187 So.2d 747; Tanner v. Tanner, 229 La. 399, 86 So.2d 80; Gosserand v. Monteleone, 164 La. 397, 113 So. 889; Gosserand v. Monteleone, 159 La. 316, 105 So. 356; Herman v. Jambois, La.App., 205 So.2d 63. The wife cannot bind either the community or her husband to a fixed fee in a contract with her attorney and the latter’s sole remedy is in quantum meruit.
Because a defendant cannot be expected to be prepared to meet proof as to the value of services where the claim is based solely on a contract for a specific amount, a plaintiff who sues upon a contract cannot recover on a quantum meruit basis for the value of services rendered unless he makes an alternative plea for recovery on quantum meruit. Marquette v. Housing Authority of Opelousas, La.App., 137 So.2d 374; Public Belt R.R. Com’n v. Department of Highways, La.App., 132 So.2d 645; De Rouen v. Aiavolasiti, La. App., 121 So.2d 851; O’Brien v. Grand, La.App., 118 So.2d 517.
In the instant case plaintiff’s suit is based solely on the contract executed by the wife. The petition contains no mention of quantum meruit, either in substance or in fact, and there is no alternative claim on a quantum meruit basis. Under these circumstances, and in the absence of other considerations, evidence relative to the value of the services rendered was inadmissible and plaintiff cannot recover. However, plaintiff does contend there is one other consideration which entitles him to a judgment: his pleadings were enlarged by the reception of evidence relative to the nature and extent, and therefore the value, of his services.
We do not agree with the contention. It is true that, in response to questions propounded by the trial judge, plaintiff did give testimony relative to the na *349 ture and extent of the services. But such evidence was admitted despite timely objections made to its introduction and defendant was protected by his objections. Only inadmissible evidence which is admitted without objection can have the effect of enlarging the pleadings so as to include a new issue thus raised. Consolidated Loans, Inc. v. Smith, La.App., 190 So.2d 522; Bartolotta v. Gambino, La.App., 78 So.2d 208; see also De Rouen v. Aiavolasiti, supra.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.