LEMMON, Judge.
Paul Arceneaux instituted this suit to recover the balance due on a loan made to Miles Blazek during the existence of Bla-zek’s marriage to Arceneaux’s daughter, Judith. Blazek filed a third party demand against his former wife and obtained a judgment by default which (1) awarded Blazek the sum of $300.00 and (2) decreed Judith Arceneaux “jointly liable with said Miles J. Blazek, Jr. on any judgment which may be rendered in favor of Paul A. Arcen-eaux”. Judith Arceneaux has appealed.

The $300.00 Award

This award was apparently based on Judith Arceneaux’s liability for half of the payments Blazek testified that he made on the loan after dissolution of the community.
In confirming the default, Blazek stated without explanation or comment that his wife “has accepted the benefits of the community” and that he had paid Arceneaux *289 “approximately $600.00 or $650.00” on the debt after the dissolution of the community.[1] Without considering the assignment of error relating to sufficiency of evidence, we conclude this portion of the default judgment must be set aside.
A wife generally may not be held personally liable to a creditor for a community debt, unless it is proved that the wife unconditionally accepted the community after its dissolution. C.C. art. 2409; Schreiber v. Beer’s Widow and Heirs, 150 La. 676, 91 So. 149 (1922). There is no evidence in this record of any express acceptance by Judith Arceneaux or of any act by her which would constitute tacit acceptance.
Furthermore, this is not a claim by a creditor against the wife, but an attempt by the husband to recover a portion of his payments on the creditor’s claim for which he is undoubtedly liable (if proved as a community debt). While a husband who pays a community debt with his own funds after dissolution of the community is entitled to assert that claim against the wife [Pior v. Giddens, 50 La.Ann. 216, 23 So. 337 (1897)], the claim is more properly referred to the settlement of the community in which all of the community assets and debts are taken into consideration. This husband’s third party demand against the wife for partial payment of a single community debt (even if it were proved that the wife was liable for community debts) is improper as an attempt to settle only part of the community. Compare Pennison v. Pennison, 249 La. 587, 187 So.2d 747 (1966).

Judgment Decreeing Liability for Contribution

This portion of the judgment decrees Judith Arceneaux jointly liable for a judgment which may be rendered in the future.
C.C. art. 2103 grants a defendant who is sued on an obligation the right, if be is cast, to enforce contribution against a codebtor. A third party demand to enforce contribution is proper as an incidental demand in the action to enforce the obligation itself. It is improper, however, to obtain a default judgment on this third party demand prior to trial of the principal demand, because the defendant must be cast on the principal demand prior to, or at the same time as, the rendition of the judgment decreeing the right to enforce contribution.
Furthermore, the failure to prove the wife’s liability for this community debt would also require the setting aside of this portion of the judgment.
For these reasons, the judgment of the trial court is set aside, and the case is remanded for further proceedings.
SET ASIDE AND REMANDED.

. It is arguable that the default judgment exceeds the petition’s demand in violation of C.C.P. art. 1703. In his third party petition Blazek failed to allege payment in any amount on the loan sued upon (and in the answer included in the same pleading, he denied making the loan and making any payments thereon). He merely alleged that any debt incurred at the time stated in the petition was a community debt, for which his former wife was jointly liable, and that the community had not been settled and had not been renounced by her. However, his prayer did request that the wife be held liable for one-half of any payments (in an unspecified amount) made on the debt after dissolution of the community.